HENRY C. KING et al., Appellants, *v.* MICHAEL GALVIN, Respondent.

In an action for the wrongful taking and conversion of personal property, the amount of damages demanded in the complaint was $1,700. By stipulation plaintiffs withdrew all claim save for goods which it appeared were less than $200 in value. The judgment was for defendant. *Held*, that the stipulation deprived the complaint of its efficacy in determining whether the amount in controversy was sufficient to authorize a review of the judgment by this court, under the amendment of 1874 (chap. 322, Laws of 1874), to section 11 of the Code; and that as the amount was less than $500, the judgment of affirmance by the General Term was not appealable.

(Argued May 25, 1875; decided June 1, 1875.)

THIS was a motion to dismiss an appeal on the ground that the amount in controversy was less than $500, and so that the judgment below was not appealable under the act of 1874 (chap. 322, Laws of 1874), amending section 11 of the Code. (Reported below, 4 Hun, 258; 6 T. & C., 467.)

The action was for the wrongful taking and conversion of personal property. The amount of damages demanded in the complaint was $1,700. Defendant justified as deputy-sheriff, alleging that the goods in question were the property of one Phillips, having been transferred to plaintiffs in fraud of the creditors of Phillips, and that they were levied upon by defendant under and by virtue of various attachments and executions against said Phillips, also that said Phillips had been adjudged a bankrupt; that the assignee in bankruptcy commenced suit against these plaintiffs to recover the value of the goods transferred to them by Phillips; that by the judgment in said action it was determined that the sale was made by Phillips when he was insolvent, and with the intent to hinder, delay and defraud his creditors, and was void; also that a portion of the goods had been taken from plaintiffs by the sheriff on such executions, and for the value of the goods so taken plaintiffs were allowed in said action, judgment being rendered for the balance.

A stipulation was made by plaintiffs' attorney admitting

the proceedings in bankruptcy, and stipulating that plaintiffs would not claim for any goods that belonged to said Phillips. Most of the goods described in the schedule annexed to complaint were those transferred by Phillips to plaintiffs. The court directed a verdict for defendant, which was accordingly rendered. Exceptions were ordered to be heard at first instance, at General Term. There judgment was ordered for defendant. It appeared from testimony on the trial, and by the affidavits on the motion, that the value of the goods claimed by plaintiffs not to have been purchased of Phillips, was less than $200.

*J. E. Dewey,* for the motion.

*Samuel Hand,* opposed.

RAPALLO, J. The action was for the wrongful taking of goods described in a schedule annexed to the complaint, and the amount of damages demanded was $1,700.

The judgment being for the defendant, the sum demanded in the complaint, in the absence of any modification of such demand, would for the purposes of an appeal be deemed the amount in controversy in the action.

But in this case the plaintiffs have, by their own stipulation, withdrawn from the controversy their demand for a portion of the goods mentioned in the complaint. They have stipulated to withdraw their claim for all goods which had been purchased of Phillips, which are conceded to be the principal part of the property originally in controversy. In case of a new trial all they could possibly recover for would be the residue, and the value of that residue is all that is now in controversy.

It is evident that the amount claimed in the complaint is no longer any guide for ascertaining the amount in controversy in the action. The parties have by their own stipulation deprived it of its efficacy for that purpose, and rendered the reference to it contemplated by the act of May 2, 1874, useless.

The provision of this act is not applicable where the parties have by stipulation modified or reduced the demand contained in the complaint.

The amount in controversy being only the value of so much of the goods as were bought of parties other than Phillips, that value must be ascertained *dehors* the pleadings. It is shown in the moving papers that it was less than $200, and that on the trial no greater sum was demanded, nor was there any proof of any greater value. These allegations are not denied in the affidavits in opposition to the motion, and must be taken as established.

It is therefore clear that the amount in controversy in the action is less than $500, and the motion must be granted, and appeal dismissed, but without costs, the question being novel.

All concur.

Appeal dismissed.