LEVI H. BROWN, Respondent, v. JOHN M. SIGOURNEY, Appellant.

The question as to the appealability of a judgment under the amendment of 1874, to section 11 of the Code (chap. 322, Laws of 1874), is determined by the amount in controversy at General Term.

Although, therefore, the matters in issue on trial exceed $500, and the judgment is for more than that sum, if the only controversy at General Term is as to an item less than that sum, the judgment is not appealable.

(Submitted December 14, 1877; decided January 15, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This was an action to recover for professional services as attorney.

The complaint contained two counts, both of which were put in issue. The jury found separately as to each, assessing plaintiff's damages under the first count at $140.50, and under the second at $393.34, rendering a general verdict for both sums, to wit, $533.84. The case states, that, as to the item of $140.50, "no question was or is raised as to the correctness thereof."

*Henry A. Foster*, for appellant.

*Levi H. Brown*, for respondent. As the appeal to the General Term and to this court involved a controversy as to less than $500, an appeal to this court will not lie. (*Pennie* v. *Cont'l L. Ins. Co.*, 4 N. Y. Wkly. Dig., 19; *Ryan* v. *Wall*, 63 N. Y., 57; *Roosevelt* v. *Linkert*, 3 N. Y. Wkly. Dig., 587; *Butterfield* v. *Rudd*, 58 N. Y., 489; *Krom* v. *Levy*, 60 id., 126; *King* v. *Galvin*, 62 id., 238.

FOLGER, J. The judgment appealed from was entered for $533.84 damages, and $107.49 costs and disbursements. An item of $140.50 entered into the amount of $533.84 damages, for which the judgment was entered. As to that item of $140.50, no contest has been made by the defendant since the jury rendered their verdict. The only controversy between the parties since then has been as to the sum of $393.34, the other part of the judgment. This, as is seen at once, does not amount to $500, though the judgment does.

According to our rulings, made under the act of 1874 (chap. 322), the judgment is not appealable, and we have no jurisdiction to review it. By those rulings, if the amount in controversy, exclusive of costs, is less than $500, an appeal does not lie, whatever may be the amount at which the judgment is docketed. (*Pennie* v. *Life Ins. Co.*, 67 N. Y., 278; . *Roosevelt* v. *Linkert*, 67 N. Y., 447.) It is true that the answer raised an issue as to the item of $140.50, also, and that that item

was in controversy at the Circuit, up to the submission of the case to the jury. In *Pennie* v. *Life Ins. Co.*, we speak of the controversy as it was at Circuit. Here we deal with the controversy as it was after the Circuit. But the result is the same. The appeal to this court is from the judgment of the General Term, and what was the amount in controversy there and as to which an appeal is sought, is the criterion of the jurisdiction of this court. As is said in *King* v. *Galvin* (62 N. Y., 238): "It is evident that the amount claimed in the complaint is no longer any guide for ascertaining the amount in controversy in the action." "In case of a new trial, all" the defendant could possibly reduce the claim of the plaintiff would be the residue of the judgment, which was less than $500, and that is all that is now in controversy.

The appeal should be dismissed.

All concur.

Appeal dismissed.