Reynolds, J.
This case turns upon the effect to be given to the various orders made in the action of Wynkoop v. Hartung & Schutt. On December 13, 1879, judgment was entered in the last named action against both defendants, upon consent of an attorney appearing in the name of both, and execution was issued upon the same. Subsequently, defendant Hartung moved, upon an order to show cause, to set' aside the judgment as against himself. This motion was granted, and on January 21,1880, an order was entered *334 upon that decision, setting aside the judgment and execution as to both defendants.
On February 2, another order was entered vacating the former one, and setting aside the judgment as to the defendant Hartung, allowing him 20 days to answer in the action, and directing that the execution and levy stand as security until the trial of the action. March 10, 1880, on consent of the attorneys for defendant Hartung, a further order was entered vacating so much of the last mentioned order as set aside the judgment as to defendant Hartung, and directing that the judgment be “restored as of the date of the entry thereof.” This plaintiff commenced an action against the same defendants, Hartung & Schutt, and sued out an attachment which was delivered to this defendant, as sheriff, on December 20, 1879. Judgment was entered against the defendants in this last named action, April 12, 1880, and on the following day an execution was duly issued to the sheriff, who subsequently returned it unsatisfied. Upon this the sheriff is sued for a false return. Other attachments and executions were delivered to the sheriff, but they need not be specified, as it is conceded that, if the Wynkoop judgment was entitled to share in the proceeds of the sheriff’s sale, according to the date of the issuing of execution thereon, there would be nothing left applicable to the plaintiff’s judgment.
The plaintiff contends that as the order of January 21, set aside the judgment as against both defendants, the lien was entirely gone and could not be restored by any subsequent order, and that thus the attachment in this action was let in to hold a preference over any claim of the plaintiff in that action. But the court had power to correct or reform any order which had been inadvertently made, or to substitute a proper order in place of an improper one. And for the protection of the rights of parties, the order as resettled *335 should take effect as if, first entered. Otherwise a merely clerical mistake might irretrievably throw away what the court intended to protect.
The order in the Wynkoop case, as first entered, went entirely beyond the scope of the motion; the corrected order (properly we think), preserved the judgment as against the defendant not moving, and directed the execution and levy to stand as security. This was subsequently followed up by the order of March 10, as already stated. Whether these last orders were properly made or not, they were in force when the sheriff paid over the proceeds of the sale in accordance with their terms, and we think he is protected by them from any liability as for a false return. This plaintiff might, if so advised, have moved to set aside the Wynkoop judgment as a fraud upon subsequent judgment creditors, but certainly the sheriff could not, as is now suggested, have treated it as fraudulent and void until it was so determined by the court. He could not usurp judicial functions, and of his own motion, set aside, for the benefit of other creditors, a judgment which they had not attacked in court.
For these reasons we think the complaint was properly dismissed, arid that the judgment should be affirmed, with costs.
McCue, J., concurred.
II. 1883. Appeal to court of appeals.
The whole amount of costs for which defendant thus had judgment against plaintiff was $164.65".
From the judgment of affirmance with costs, the plaintiff appealed to the court of appeals, where the sheriff’s counsel duly moved to dismiss the appeal on the ground that the amount in controversy did not exceed $500.
The complaint showed on its face that the sheriff was sued for a false return to an execution issued on April *336 20, 1880, for $4,27.86 the amount of damage, however, which the plaintiff demanded in the complaint was $1,000.
Thomas S. Pearsall, in support of the motion.— Although judgment is demanded in the complaint for the sum of $1,000, it is apparent on the face of the complaint that the amount in controversy is the damage which the plaintiff would have sustained had the sheriff in fact made a false return. The measure of damage would have been the amount of the judgment on which the execution was based, with interest; this would not equal $500. The appeal should be therefore dismissed in this court (King v. Galvin, 62 N. Y. 238 ; Brown v. Sigourney, 72 Id. 122 ; Roosevelt v. Linkert, 67 Id. 447 ; St. Clair v. Day, 89 Id. 357).
Samuel Jones, opposed.—The judgment being for defendant its appealibility is to be determined under the last clause of subdivision 3, of section 191, of the Code of Civil Procedure.
I. The cases of Brown v. Sigourney, 62 N. Y. 238 ; St. Clair v. Day, 89 Id. 357; Roosevelt v. Linkert, 67 Id. 447; and Pennies. Continental Life Insurance Co., 67 N. Y. 278, were on contract, and fell under the first clause of subdivision 3 of section 191, Code. These cases are therefore inapplicable. In cases arising under tñe last clause of § 191 Code, the law gives the rule for determining the amount of the matter in controversy, viz., “the sum for which the complaint demands judgment.” In order to dismiss this appeal the court must hold the test to be, not as the statute says it must be, the sum demanded, but that sum only, beyond which the court, upon the facts stated in the complaint, deem no recovery can be had.
II. The complaint shows a willful neglect to collect on the execution. It is true the word “ willful” is not *337 used in the complaint, yet the sheriff’s refusal to apply moneys in his hands, taken on attachment, cannot but be willful. The question whether the sheriff’s acts were willful, is one of the questions to be submitted to the court, for final determination. The case is therefore appealable.
The court of appeals, after consideration, dismissed the appeal, with costs. All the judges concurring, excepting Miller, J. (absent). There was no further opinion delivered in the court of appeals.