JOHN N. GRAVILLE Respondent, *v.* THE NEW YORK CEN-
TRAL AND HUDSON RIVER RAILROAD COMPANY, Ap-
pellant.

*Court of Appeals, February* 8, 1887.

Affirming same case, 34 Hun, 224.

1. *Appeal. By defendant. Amount in controversy.*—On an appeal by the
defendant, the matter in controversy in the court of appeals is the
amount of the judgment rendered at general term, and from which
the appeal is taken. If this judgment, excluding costs, is not less
than $500, this court has jurisdiction to review it. Neither the
limitation of the amount demanded in the complaint, nor the
method by which the referee ascertained and then made up the
aggregate of damages, is material.
  See note at end of case.
2. *Same. By plaintiff.*—Upon an appeal by plaintiff from a judgment
in such an action, the sum for which the complaint demands judg-
ment becomes material.

Motion to dismiss an appeal from a judgment of the
general term of the supreme court.

*M. D. Barnett*, for the motion.

*C. D. Prescott*, opposed.

DANFORTH, J.—The plaintiff sues for injuries to personal
property caused by defendant's negligence, and after issue
joined, was upon trial before a referee awarded $400, with
$156 interest, making a total of $556, and for this sum
judgment was ordered in his favor. The record shows that
judgment was so entered. "Damages $556 and $357.44 costs
and disbursements." Upon appeal to the general term it
was affirmed, and from the judgment of affirmance, the
defendant appealed to this court. The plaintiff moves to
dismiss the appeal upon the ground as stated in the notice
of motion "that the amount in controversy in this action is

less than $500." This contention is put upon the complaint, which alleges damages only to the amount of $400, and demands judgment accordingly. But neither this limitation, nor the method by which the referee ascertained and then made up the aggregate of damages is material. The matter in controversy in this court upon the defendant's appeal is the amount of the judgment as rendered, and from which the appeal is taken. Brown *v.* Sigourney, 72 N. Y. 122. And if that, excluding costs, is not less than $500, we have jurisdiction to review it. A different rule restricts the plaintiff. Upon an appeal by him from a judgment in such an action, the sum for which the complaint demands judgment becomes material. Code, § 191, subd. 3. But the provision of the Code which makes it so has no application here.

The motion should be denied, with $10 costs.

All concur.

---

POINT ON "MATTER IN CONTROVERSY" AS EMPLOYED IN § 191 OF THE CODE.

The term is found only in subdivision 3 of said section, which, with the last clause of the section reads as follows :

Subd. 3 §191. An appeal can not be taken from a judgment, or from an order granting or refusing a new trial, except in an action or special proceeding affecting the title to real property, or an interest therein, if the matter in controversy, excluding costs, is less than five hundred dollars; unless the court below, by an order made at the general term which rendered the determination, or at the next general term after judgment is entered thereupon, allows the appeal, on the ground that a question of law is involved, which ought to be reviewed by court of appeals.

If an appeal is taken, by the plaintiff, from a judgment rendered in an action not founded upon a contract, the sum for which the complaint demands judgment, or, if the action is to recover one or more chattels, the value of the chattels, as stated in the complaint, is deemed to be the amount of the matter in controversy, within the last subdivision, unless defendant has interposed a counterclaim ; in which case the counterclaim must be included, in determining the amount in controversy.

*Construction.*—In Butterfield *v.* Rudde, 58 N. Y. 489, a judgment was perfected below in favor of plaintiff, upon the verdict of a jury, for $269.49 damages, besides costs. The judgment was affirmed on appeal to the