O’Brien, J.
On the trial which resulted in the judgment now under review, the referee held that the plaintiff’s entire claim was barred by the six years’ statute of limitations, and dismissed the complaint. The question now argued by the learned counsel for the plaintiff is whether the method of computation adopted and the rule for the application of payments were correct or in accordance with the terms of the contract. The trial proceeded upon the principle that, under the decision in the case when it was here on a former appeal (126 N. Y. 510; 38 St. Rep. 510), at least a considerable portion of the claim was barred. He asked the referee to find that there became due, subsequent to July 1, 1887, which was more than six years prior to the commencement of the action, the sum of $242.49, and that this sum, with interest, was still unaffected by the statute of limitations. That was the amount that the plaintiff claimed to recover. It was conceded that the balance of the claim became due before that date. The referee found, at the plaintiff’s request, that the principal and interest upon the face of the instrument, "on July 1, 1877, was $571.25, and that the action was commenced October 5, 1883. Of this sum, it was the plaintiff’s contention that $328.76 became due prior to July 1, 1877, and the referee was so requested to find. So that the amount in controversy at the 'trial was $242.49, with interest from July 1. 1877. The referee’s report is dated January 14, 1893, and on the plaintiff’s contention the amount he was entitled to recover was less than $500, exclusive of costs. That is the amount that was in controversy at the general term. The plaintiff’s counsel has presented on his brief three methods of computation, some one of which he asks us to adopt. The largest sum that remained unbarred by the statute of limitations, according to those figures, when the action was brought, is $242.49, and the lowest is $90.28. By the construction which the referee gave to the certificate and the manner in which he applied, payments or receipts for lots, the whole claim was barred. We have not attempted to examine the legal questions presented by the plaintiff’s counsel, since we have concluded that we have no power to entertain the appeal. The judgment is not reviewable for the reason *370 that the amount in controversy before the referee and at the general term was less than $500. King v. Galvin, 62 N. Y. 238 Brown v. Sigourney, 72 id. 122. Davidson v. Alfaro, 80 id. 660 ; Knapp v. Deyo, 108 id. 518; 13 St. Rep. ,823; Schench v. Marxr 125 N. Y. 703; 34 St. Rep. 607.
The appeal must, therefore, be dismissed, with costs.
All concur, except Haight, J., not sitting.
Appeal dismissed.