## HUDSON vs. SNIPES.

1. REPLEVIN: *For mortgage property; Payment: Set-off.*
   After forfeiture of a mortgage the mortgagee may bring replevin for the property as long as any part of the mortgage debt remains unpaid. But full payment is a good defence. But a set-off is not.

2. PLEADING: *Counter-claim; what is.*
   A counter-claim under the code is like recoupment at common law and must be a cause of action in favor of the defendant against the plaintiff arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action.

APPEAL from *Jefferson* Circuit Court.

HON. X. I. PINDALL, Circuit Judge.

*W. P. Grace* for Appellant.

Under codes which allow equitable defences in actions at law, a mortgagor, when sued for the mortgaged property, may claim the right to redeem, and may mitigate the recovery against him by reducing the judgment to the amount actually due on the mortgage. *Jones on Chat. Mort.*, 448; *Ib.*, 706. Ours is such a code. *Gantt's Digest, Sec.* 4569. And it was error in the Circuit Court to sustain the demurrer to the first and second paragraphs of the answer.

The third paragraph of the answer alleges that the consideration of plaintiff's mortgage was the renting of land to defendant. The law, in such case, would imply a covenant for peaceable possession. If the allegations of the third paragraph of the answer be taken as true—and they are admitted by the demurrer—then this covenant was broken by plaintiff, and defendant should have been permitted to mitigate the recovery against him by the amount of his damages. While it is true that as a rule there can be no set-off or recoupment in replevin, yet the answer in this case presents matter of equitable defence and is within the rule established

Hudson v. Snipes.

in *Blair v. Caxton,* 18 *N. Y.* (4 *Smith*), 529.   The plaintiff's right to recover on the mortgage depended solely on the fact that it was due and unsatisfied.   If, in contemplation of law it had been paid or otherwise discharged the judgment should have been for defendant.

*Martin & Taylor* for Appellee.

1. If any part of the debt remained unpaid and due, the mortgagee could maintain replevin.   Partail payment no defence.   *Wells on Replevin,* Secs. 222 *a, and cases cited; Marks v. McGhee,* 35 *Ark.,* 217.

No equitable defence under the code was offered.   Sec. 4569 Gantt's Digest, was not intended to abrogate all rules of pleading.

2. A plea of set-off is not available in an action of Replevin.   *Gantt's Digest, Sec.* 4572; 6 *Nebraska,* 272, 406; *Wells on Replevin, sec.* 129; 5 *Watts,* 516.

3. Nor is a counter-claim any defence.   *Gantt's Digest,* 4570; 17 *Ark.,* 245; 1 *Hardy, Ohio,* 434; 2 *Ohio st.,* 82.

*Non detinet* was the only proper plea.

See further 27 *Ark.,* 489; 4 *E. D. Smith, N. Y.,* 34; 3 *Metcalf, Ky.,* 121.

ENGLISH, C. J.   On the 11th of February, 1881, Edwin P. Snipes brought this action of replevin in the Circuit Court of Jefferson county against James R. Hudson, for possession of mules, cotton, corn and cotton seed.

Plaintiff claimed title to the property under a mortgage executed to him by defendant 20th of February, 1880, to secure a note of that date for $3,000.00, payable 1st November following, bearing ten per cent. interest, with power, on default, &c., to take possession of the property, and sell it to pay the debt, &c.

The defendant answered in three paragraphs, to each and all of which plaintiff demurred; the Court sustained the demurrer; defendant declined to answer over; the parties

agreed on the value of the property, and there was final judgment for plaintiff, and defendant excepted and appealed.

I.   The first paragraph of the answer alleged, in substance, that the defendant had paid to the plaintiff, before suit, the sum of $2,000.00 on the debt secured by the mortgage under which plaintiff claimed title to the property sued for.

1. Replevin:
For mortgage property:
Payment:

This is not a bill in Chancery to ascertain the mortgage debt, and for decree of foreclosure, but an action of replevin by the mortgagee against the mortgagor for possession of the mortgaged property.   After forfeiture, the mortgagee may bring replevin for the goods mortgaged, provided any portion of the indebtedness secured by the mortgage is still due and owing to him; and it is no defence to the action to show that a portion of the indebtedness has been paid before suit, but proof that the entire debt has been discharged is a good defence.   *Jones on Chattel Mortgages*, Sec. 706; *Marks v. McGhee*, 35 *Ark.*, 218.

II.   The second paragraph of the answer alleged, in substance, that before suit, plaintiff was indebted to defendant for board and other things in the sum of $190.00, which is pleaded as a set-off to so much of the mortgage debt.

Set-off.

Whether on a bill in Chancery by the mortgagee to foreclose, or by the mortgagor to redeem, a set-off may be allowed against the mortgage debt, need not be considered in this case (*see Nolley v. Rogers*, 22 *Ark.*, 230), which is an action of replevin for the property embraced in the mortgage, brought after default and forfeiture, and in which a set-off is not a proper defence.   *Gantt's Digest*, sec. 4572; *Waterman on Set-off*, sec. 144; *Fairman v. Fluck*, 5 *Watts* 516; *McMahan v. Tyson*, 23 *Ga.*, 43; *Nutwell v. Tongue's Lessee*, 22 *Maryland*, 419.

III.   In the third paragraph of the answer defendant attempted to set up a counter-claim for two thousand dollars damages.

2. Counterclaim:
What it is.

.The substance of this defence was that the mortgage debt was for money advanced by plaintiff to defendant to enable him to purchase mules, and pay for labor to cultivate and gather crops of cotton and corn, on a plantation rented by him of plaintiff for 1880; and that during the growing and gathering seasons, plaintiff had maliciously inter-meddled with the hands of defendant on the plantation, and induced them to demand an increase of wages, &c., &c., whereby he had been damaged in the sum of $2,000.00 which with the part payment and set-off pleaded in the first and second paragraph of the answer, was alleged to be a full satisfaction of the mortgage, &c.

A counter-claim under the code is like recoupment at common law, and must be a cause of action in favor of defendant against plaintiff, arising out of the contract or transaction set forth in the complaint, as the foundation of plaintiff's claim, or connected with the subject of the action. *Gantt's Digest,* sec. 4570; *Bloom v. Lehman et al,* 27 *Ark.,* 490.

The matter set up in the third paragraph of the answer, shows a distinct cause of action in favor of defendant against plaintiff for a malicious trespass, but not a counter-claim under the code.

Affirmed.