ROWLEY H. KNAPP, Respondent, v. IRA N. DEYO, Appellant.

The question as to whether the "matter in controversy" in an action is
less than $500, within the meaning of the provision of the Code of Civil
Procedure (sub. 3, § 191), prohibiting appeals to this court if such matter
is less than that amount, is to be determined by the amount in contro-
versy before the tribunal from which the appeal is taken.

To determine this amount resort may be had not only to the pleadings, but
also to the proceedings and evidence appearing in the record.

The complaint in an action for work and labor claimed a balance due of
$658.95. The answer admitted an indebtedness of $420, and set up a
counter-claim of $125. Defendant served an offer of judgment for $450.
Upon the trial the controversy was simply as to the sum per day plaintiff
was entitled to, the difference aggregating less than $300. The judg-
ment was for $658.95 besides costs. *Held*, that the amount in contro-
versy at the General Term was less than $500 and its judgment of
affirmance was not appealable to this court.

(Argued February 3, 1888; decided February 28, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made October 24, 1885, which affirmed a judgment in favor
of plaintiff entered upon the report of a referee.

The nature of the action and the material facts are stated
in the opinion.

*John Gillette* for appellant.

*O. C. Armstrong* for respondent.

RUGER, Ch. J. The judgment in this action is not appeal-
able to this court. The amount in controversy is less than
$500. (Sub. 3, § 191, Code of Civil Pro.) The case does not

come within the exception to the rule, as the title to real property is not affected, and no appeal to this court has been authorized by the order of the General Term. The question, therefore, is to be determined solely by the amount in controversy. This is held to mean the amount in controversy before the tribunal from which the appeal is taken to this court. To determine this amount resort may be had not only to the pleadings, but also to the proceedings and evidence appearing in the record of the trial. (*King* v. *Galvin*, 62 N. Y. 238; *Roosevelt* v. *Linkert*, 67 id. 447; *Brown* v. *Sigourney*, 72 id. 122.) That the amount is less than $500 appears not alone from the pleadings, but also from the evidence, and offer of judgment.

The complaint sets out a cause of action, arising from services, performed by plaintiff for defendant during a period of about six years, as a tinsmith, aggregating the sum of $2,705.95, and admits payments thereon to the amount of $2,047. It demands judgment for the balance, being $658.95. The answer admits an indebtedness to the amount of $420 by denying that it exceeds that amount, thus leaving the matter in controversy $238.95.

It appears from an examination of the evidence and proceedings, that the issue tried, was simply whether the plaintiff should be allowed payment for a period of one thousand one hundred and twelve and one-half days at the rate of $1.50 per day, or at that of $1.75. This aggregated a difference of less than $300. To this sum may be added the amount of $125, which was set up as a counter-claim by the answer, and still the amount in controversy would not reach the sum of $500. Accompanying the answer the defendant served an offer to allow the plaintiff to take judgment for $450, which would leave the matter in dispute but little over $200.

In any view, therefore, the case is not one which this court is authorized to review.

The appeal should be dismissed with costs.

All concur.

Appeal dismissed.