JOHN C. CAMPBELL, Respondent, *v.* HENRY MANDEVILLE *et al.*, Appellant.

*Court of Appeal, June* 12, 1888.

See 12 N. Y. St. Rep. 874.

1. *Appeal. Amount in controversy.*—In determining the matter in controversy under subdivision 3 of section 191 of the Code, resort may be had to the proceedings and evidence appearing in the record as well as to the pleadings.

2. *Same.*—Where, though the original claim exceeded $500, the only defense was a counterclaim which reduced the recovery exclusive of interest to less than $500, and the defendants had offered to allow judgment for $240.54, the amount in controversy was under $500, and the appeal should be dismissed.

Action to foreclose a mechanic's lien for work, labor and materials done and furnished under a building contract.

Appeal from a judgment of the general term of the supreme court, affirming a judgment in favor of plaintiff entered upon the decisions of the court.

*Joseph F. Daly*, for motion.

*Edward V. Thornhall*, opposed.

PER CURIAM.—Although the answer is a denial of indebtedness, and contains a counterclaim for defective work of plaintiff, an examination of the evidence before the trial court shows that what was in controversy between the parties was not the right of plaintiff to recover at all, but

simply the number of brick furnished by him to the buildings in question, the amount of concrete done and the amount of excavation, with the values of the work and materials. Such resort to the proceedings and evidence is authorized in Knapp *v.* Deyo, decided by this court, February term, 1888. 108 N. Y. 518; 13 N. Y. State Rep. 823.

The right of plaintiff to recover the market value for work done and material furnished by him does not seem to have been the subject of controversy upon the trial. The proof as to the counterclaim interposed by defendants was an offset to plaintiff's recovery. The trial court reduced the plaintiff's claim from $588.96 to $493.39, which, with interest added, amounted to $511.66. Taking the evidence adduced on defendants' behalf as to the items of brick, cement and excavation, it is clear that they conceded sufficient to be due to the plaintiff from them as to leave the amount in dispute, with the $100 counterclaim added, under the sum of $500. Considering this result of our examination of the evidence, in connection with defendants' offer to allow judgment for the sum of $240.54, we think the appeal should be dismissed, with costs, as the amount in controversy was under $500.

Appeal dismissed, with costs to the defendants.

All concur.