THE A. HALL TERRA COTTA COMPANY, Respondent, *v.* ANDREW T. DOYLE, Appellant.

*Court of Appeals, May 3, 1892.*

1. *Appeal. Court of appeals.*—Where the pleadings, proceedings and evidence disclose that the amount in controversy is less than $500, the case is not appealable to the court of appeals.
2. *Same.*—An action, though in form to foreclose a mechanic's lien, where the lien has been discharged by a bond, furnished pursuant to the provisions of section 24, chap. 342 of 1885, is not one which is appealable to the court of appeals as affecting the title to real property or an interest therein.
3. *Judgment. Mechanic's lien.* Where the complaint, in an action to forclose a mechanic's lien, prays for a judgment as for a foreclosure and sale, but also alleges the giving of a bond discharging the lien of record, the court may direct any judgment consistent with the case made by the complaint and embraced within the issue.

Appeal from judgment of the New York common pleas, general term, affirming judgment in favor of plaintiff entered on report of referee.

*Charles J. Hardy,* for appellant.

*McCall & Arnold,* for respondent.

GRAY, J.—This appeal must be dismissed inasmuch as the amount in controversy is less than $500. The complaint was, in form, for the foreclosure of a mechanic's lien, filed against the defendant's property. The plaintiff alleged the making of a contract, under which he was to furnish to the defendant certain terra cotta building materials of the value of $1,250 ; and that there was a balance due to him, under the contract, of $652. The answer put in issue the contract price, alleging that the plaintiff agreed to furnish the

materials for the sum of $1,000, and that defendant agreed to pay "something extra" if plaintiff proceeded promptly, which he failed to do. The referee found the fact as to contract price in favor of the plaintiff, and directed judgment in accordance with the legal conclusion that the plaintiff should recover of the defendant $652.16. The defendant specifically requested the referee to find, as a legal conclusion, that the plaintiff was entitled to judgment against him for only the sum of $402.

The controversy upon the trial turned upon conflicting evidence adduced by the parties upon the subject of what was the agreed price at which the materials were to be furnished. The pleadings and proceedings, and the evidence when referred to, as we have the right to do, disclose to us clearly that the amount in controversy was for less than $500. Knapp *v.* Deyo, 108 N. Y. 518. Nor was the action one which was appealable as affecting the title to real property, or an interest therein. Norris *v.* Nesbit, 125 N. Y. 650.

The question raised and discussed by the appellant upon this appeal is that the court was without jurisdiction to determine the action, inasmuch as the lien had been discharged by a bond, furnished pursuant to the provisions of the lien act, (§ 24, chap. 342, Laws of 1885), and hence no action in foreclosure could be maintained. But this does not make the case appealable by drawing into the controversy the whole of the judgment rendered.

It is true that the complaint prays judgment as for a foreclosure and sale ; but with its other allegations of indebtedness and of lien proceedings, it had also alleged the giving of the bond discharging the lien of record. It was quite competent, therefore, for the court to direct any judgment consistent with the case made by the complaint and embraced within the issue. Code, § 1207 ; Benedict *v.* Benedict, 85 N. Y. 625. That was done in this case. The judgment directed and entered here was only against the defend-

ant, personally.   It did not adjudge a foreclosure and sale of the defendant's interest in the premises described in the complaint but, on the contrary, merely adjudged that "plaintiff had a good and valid lien, \* \* \* and, but for the filing of the bond   \* \* \*   would be entitled to a judgment foreclosing, etc."

As this case is not appealable to this court, in any respect we may look at it to discover the amount involved, I think the appeal should be dismissed.   This result is reached by us with less reluctance, inasmuch as we consider the appeal to be without merit.

Appeal dismissed, with costs.

All concur.

---

## NOTE.

As to appeals to the count of appeals by reason of the amount in controversy, see Schenck *v.* Marx, 125 N. Y. 703; Folts *v.* State, 118 Id. 406; Powers *v.* Yonkers, 114 Id. 145; Blake & J., *v.* Krom, 128 Id. 64; Norris *v.* Nesbit, 123 Id. 650; Trevett *v.* Barnes, 110 Id. 500; Nichols *v.* Voorhis, 74 Id. 28; Wheeler *v.* Scofield, 67 Id. 311; Knapp *v.* Deyo, 108 Id. 518; Campbell *v.* Mandeville, 110 Id. 628; People *ex rel.* Wright *v.* Willard, 110 Id. 662; Graville *v.* N. Y. C. & H. R. R. R. Co., 104 Id. 674; Reed *v.* Trowbridge, 106 Id. 657; Belfer *v.* Ludlow, 129 Id. 650.

As to appeals to the court of appeals, in cases where title to land is involved, see Getman *v.* Ingersoll, 117 N. Y. 75; Trevett *v.* Barnes, 110 Id. 500; Scully *v.* Sanders, 77 Id. 598; Rogers *v.* Village of Sandy Hill, 94 Id. 638.