## AMES IRON WORKS *v.* REA.

### Opinion delivered July 1, 1892.

1.  *Conditional sale—Recoupment of damages.*

    To an action of replevin for goods sold with reservation of title in the vendor until the purchase price is paid, the vendee may in defense counter-claim the damage sustained by him on account of the vendor's failure to deliver the goods at the time agreed, and tender to the vendor the balance of the purchase money after deducting such damages.

2.  *Forfeiture under conditional sale—Practice in equity.*

    An action of replevin to enforce a forfeiture of goods conditionally sold, caused by failure of the vendee to pay a balance of the purchase price due, may be transferred to equity and the forfeiture set aside upon equitable terms; in such case the judgment should be, not that the vendor have a lien upon the property sold for the residue of the purchase money, but that the vendor have possession of the property if the vendee fails to pay such residue within a reasonable time.

Appeal from Marion Circuit Court.

DeRoos Bailey, Special Judge.

*J. M. Rose* for appellant.

This was a conditional sale of property, and the

proper remedy was replevin. 49 Ark. 63 ; 47 Ark. 363. The answer set up no equitable defense whatever, and the cause was improperly transferred to equity. A counter-claim for damages is not a defense to an action of replevin. Accounts cannot be adjusted or settled in an action of replevin. Cobbey on Replevin, sec. 791. Set-off is not a good defense to an action of replevin. 40 Ark. 75 ; 5 Watts, 516 ; 23 Ga. 43 ; 22 Mich. 419 ; Waterman on Set-off, sec. 144.

*W. S. McCain* for appellee. :

· 1. The legal, as distinguished from the equitable, rights of the parties to conditional sales are well settled. 54 Ark. 476 ; 52 Ark. 207 ; 42 *id.* 100 ; 54 *id.* 30 ; 85 Mich. 185 ; 7 So. Rep. 187 ; 9 So. Rep. 280 ; 4 S. E. Rep. 152 ; 9 So. Rep. 350 ; Newmark on Sales, 306 ; Jones on Chat. Mort. secs. 681-698. These cases show the right to relieve after forfeiture.

2. Any claim growing out of the "contract" or "transaction" is a proper defense and counter-claim under our statute. Mansf. Dig. sec. 5034.

· . 3. No question is made as to the quantum of damages. As to the liability, see Benjamin on Sales, 1307–1337.

BATTLE, J. The Ames Iron Works instituted an action of replevin against J. C. Rea to recover possession of an engine, boiler, pump, pulleys, shafting, one fifty saw gin, feeder and condenser, and one set of Southern Standard Press Irons, of the aggregate value of $800, claiming that it was entitled to the immediate possession of the same by virtue of the terms of a conditional sale thereof to the defendant.

The part of the defendant's answer to the plaintiff's complaint, which it is necessary to state in order to present the question decided by us, is, substantially, as follows: On or about the 22d day of May, 1887, the defendant agreed to purchase of the plaintiff the engine, boiler,

pump, pulleys and shafting sued for, and other things necessary to connect and run machinery with said engine and boiler, on condition that they should remain the property of the plaintiff until the purchase money was fully paid; and plaintiff agreed to ship the same to him at Batesville, in this State, on or before the first of June, 1887, and he agreed to pay therefor $110 cash, and various other sums at stated times, amounting to the sum of $652, and to pay $50 freight thereon. Machinery was delivered to him at Batesville on or about the 18th of July, 1887, upon his paying the $50 for freight, the $110 cash, and executing notes to the plaintiffs for the deferred payments, according to his agreement; and he hauled it a distance of one hundred miles to his home at Oakland, in Marion county, in this State, as he received it, a part thereof being in boxes. When he arrived at home and opened the boxes, he found that an inspirator and other parts of the machinery which he had purchased had not been delivered to him. He was not able to operate the machinery, on account of this failure to deliver. He at once notified plaintiff of the failure, and used reasonable diligence to get the missing parts, and was unable to procure them until it was too late to make the machinery answer the purpose for which he had purchased it, which was to gin cotton produced in 1887. It was late in the fall when he was prepared to gin, and the best part of the ginning season had passed. While he was attempting to supply the missing parts, seed cotton was offered to him which he did not take, and other cotton would have been received by him had he been prepared to gin, which he did not get because his machinery was incomplete. The result was, he was damaged, by plaintiff's failure to perform its contract, in the sum of $600.

He insisted that plaintiff should be held responsible to him for his damages, because it had notice of the

object of his purchase when it was made; and also insisted that the amount thereof should be deducted from the amount due on his notes, and that he should only be required to pay the balance due after such deduction. He alleged that he had tendered to the plaintiff such balance, and still tenders it.

He asked that the action be transferred to the equity docket; that his damages be assessed and considered a payment on his notes, and that if the damages were not sufficient to satisfy the notes, judgment be rendered against him for the balance still remaining due, and for other relief.

Plaintiff replied to the answer, denying that the defendant had been damaged, or, if he was, that it was caused by its negligence in the performance of its contract; and at the same time demurred to the answer because the facts stated therein were not sufficient to constitute a defense, counter-claim or set-off.

The action was transferred to the equity docket; and the demurrer to the answer was overruled. The action was heard upon the pleadings and exhibits thereto and the depositions of witnesses on file. The court found that the plaintiff had failed to perform its part of the contract of sale, and that defendant was damaged thereby in the sum of $350, and that he was indebted to plaintiff, on account of purchase money for all the property sued for and interest thereon, in the sum of $891.21; that the damages should be credited to the defendant on his indebtedness; which being done, there was still remaining due to the plaintiff the sum of $541.21; and adjudged and decreed that plaintiff recover of and from the defendant the $541.21, and that the same be a lien on the property in controversy, and that it be sold to pay the same, and that the notes executed by the defendant be delivered up and cancelled; and plaintiff appealed.

1.  Recoup-
ment of dam-
ages in con-
ditional sales.
Was the counter-claim of defendant properly plead--
ed in this action?   The right to the possession of property.
sued for is essential to a recovery in actions of replevin.
Any state of facts which will show the existence or non-
existence of such a right is, as a rule, pleadable in such
actions.   Thus, in an action of replevin by a mortgagee
against the mortgagor to recover the possession of goods
mortgaged to him, the mortgagor can successfully defend
the action by showing that the debt, which the mortgage
was given to secure, has been paid.   *Hudson* v. *Snipes,*
40 Ark. 75.

In *Bloodworth* v. *Stevens,* 51 Miss. 475, the plain-
tiff brought an action of replevin for the possession of
cotton which was seized and held by the defendant for
rent due according to contract.   The plaintiff admitted
the contract, and claimed that the defendant, who was
the lessor, agreed to repair a certain fence and failed to
do so, and by reason thereof stock had entered his field
and damaged him more than the amount of the rent.
The court held that the issue presented rested upon the
fact whether the rent for which the defendant seized the
cotton was or was not due, and that the plaintiff might
show any matter competent to discharge that liability.

In *Rogers* v. *Kerr,* 42 Ark. 100, the plaintiff brought
an action of replevin for a lot of cord wood and railroad
ties cut upon his land.   The defendant answered and
claimed the timber and the land upon which it was cut
as his own, and alleged that the plaintiff claimed the
land under an illegal tax title, and that neither party
was in possession, and asked that the cause be trans-
ferred to the equity docket, and that the defendant's tax
deed be cancelled as a cloud upon his title.   It was held
that the facts stated in the answer constituted a good
defense, and, upon a hearing of the evidence, that the
defendant was entitled to the affirmative relief for which
he asked.

Our statutes provide that a defendant may set forth in his answer as many grounds for defense, counter-claim and set-off, whether legal or equitable, as he shall have; and that the counter-claim mentioned must be a cause of action in favor of the defendant against the plaintiff " arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action." Mansfield's Digest, secs. 5033–4. Here the foundation of plaintiff's claim was a contract for a sale, in which it was agreed that the title to the property in controversy, which was the subject matter of the contract, should remain in the plaintiff until paid for. By the failure of plaintiff to perform his part of that contract, the defendant claimed that he was damaged in the sum of $600. It is obvious that this failure would be a complete defense to the action, provided the damages caused thereby were equal to or exceeded the amount due to the plaintiff on the contract. But it was not. Hence it alone was not sufficient to defeat the plaintiff's right to recover the possession of the property. In order to hold possession the defendant further said he had tendered the balance due on the purchase money after his damages were deducted, and averred that he was ready and willing to pay such balance, and still tendered the same. Was this a good counter-claim?

By the terms of the contract for a sale, the machinery in controversy was to remain the property of the vendor until the purchase money was paid. In *Nattin* v. *Riley*, 54 Ark. 30, this court, in speaking of a contract like this, said: "Under such a contract, the mere omission of the purchaser to pay the purchase money at maturity would not operate as a forfeiture of his rights under the contract, in the absence of a demand, on the part of the seller or his assignee, of payment or of the property for non-payment of the price; and on such·

demand, even after the purchase money was overdue, the purchaser would have the right to pay the purchase price and retain the property which he received under the contract."

2. When equity will set aside forfeiture under conditional sale. In this case the defendant had the right to recoup his damages and hold the property by paying the balance due on his notes, but the plaintiff denied his right to damages. It is obvious, therefore, that the balance due on the purchase money could not have been known and tendered until his damages were judicially ascertained, no estimate of damages made by the defendant being binding on the plaintiff. Why, then, should his rights under the contract be forfeited, he being willing to pay the balance? Under the circumstances, there can be no equitable reason for such a forfeiture, because the reservation of title was obviously incorporated in the contract as a security to the vendor against loss on account of delay or the non-payment of the purchase money, and because full and adequate compensation can be made for any loss which has been suffered on account of the failure to pay at maturity. According to the principles upon which equity sometimes interferes to prevent forfeitures, he should be allowed to hold the property by paying the balance of the purchase money remaining unpaid after the deduction of damages.

The case was properly transferred to the equity docket; and the demurrer was rightly overruled.

The appellant does not complain in this court of the damages assessed being excessive, or that it was not liable therefor. The assessment thereof should not, therefore, be disturbed.

The court below erred in rendering judgment in favor of appellant for the balance due and declaring it a lien on the property sued for, and ordering it to be sold to satisfy the same. It asked for no such relief, but for possession of the property. The court should have

allowed the appellee a reasonable time within which to pay the balance due on the purchase money and interest thereon at the rates specified in the notes given for the same; and (the appellee having retained possession of the property by giving bond) should have ordered and directed that, in the event he failed to do so, the appellant should have possession of the property, or the value thereof, naming it, in case a delivery could not be had; and should have caused the damages to be assessed, which appellant has suffered by reason of the detention of the property since it made demand therefor; and should have ordered and decreed that it should have and recover the same of the appellee in the event he failed to pay the balance and interest thereon within the time allowed.

The judgment of the circuit court, in so far as it is consistent with this opinion, is affirmed, and in other respects is reversed; and the cause is remanded for further proceedings.