[No. 725. Decided February 18, 1893.]

W. A. FREEBURGER AND FANNIE Q. FREEBURGER, *Appellants,* v. SAMUEL CALDWELL, *Respondent.*

REPLEVIN—TITLE OF MARRIED WOMAN—PLEADING—APPEAL— AMOUNT IN CONTROVERSY.

In an action by a married woman to recover the possession of personal property, it is not necessary for her to deraign her title to the property.

Where the amount in controversy in replevin is $200, the value of the goods, and $500 damages for their detention, an appeal will lie to the supreme court.

*Appeal from Superior Court, Mason County.*

*W. I. Agnew,* and *M. J. Gordon,* for appellants.

*C. W. Hartman,* for respondent.

39—5 WASH.

The opinion of the court was delivered by

STILES, J.—Action to recover the possession of personal property alleged to be of the value of $200, and $500 damages for its detention. Plaintiffs alleged that they were partners, under the firm name of W. A. Freeburger & Co. The defendant justified his taking by answering that he was a constable, and had levied a lawful writ of attachment, issued by a justice of the peace, upon the goods as the property of G. W. Freeburger. He also set up that Mrs. Fannie Q. Freeburger was a married woman, wife of G. W. Freeburger. Upon this state of facts the court rendered judgment for the defendant on the ground that, since one of the alleged partners was a married woman, there was, on the pleadings, a want of legal capacity to sue in the plaintiffs, for the reason that it was not pleaded that the wife acquired her interest in the alleged partnership property through one of the channels by which the statutes of this state provide that a married woman may have separate property. The allegation of the complaint was that plaintiffs "were lawfully possessed" of certain chattels, and that defendant "wrongfully took" them from their possession. There was no allegation of ownership, nor does the law require ownership to be alleged in such an action; but the case is presented here as though ownership had been alleged, and it will be better to pass upon it accordingly.

The presumption runs with a conveyance, by purchase, of real property to a married woman that it is community property (*Yesler v. Hochstettler*, 4 Wash. 349, 30 Pac. Rep. 398); and the presumption may be that personal property in her possession is the property of the community, and therefore subject to the husband's debts; but, under the liberal provisions of our statutes concerning the right of married women to do business for themselves, we do not

think that when they sue for the possession of property, and allege ownership, they should be required to deraign their title.    To allege that one is owner of property in a pleading is, of course, a conclusion of law; and yet it has been so generally sanctioned that, even in an action to recover real estate, it is all that is required, excepting a further conclusion that the pleader is entitled to possession. *Hemmingway v. Mathews*, 10 Tex. 207, does not assist the respondent, for the opinion in that case shows that not only could not the wife dispose of the community property, but she was under the same disability as to her separate property, except under special circumstances; and it will be found to be much the same way in all of the states having the community system, except Washington, where married women enjoy greater freedom of contract and disposal of their separate property than in any of the other states.

The amount in controversy was $200, the value of the goods, and $500 damages for their detention.    This court, therefore, has jurisdiction of the case.

Respondent suggests that the record is defective, because there is no transcript of the replevin bond, nor of a certain execution and the return thereon; but he fails to point out wherein the determination of the case on appeal, whether in favor of appellants or respondents, could be affected by the presence of either of the papers mentioned.

The judgment is reversed, and the cause remanded for trial.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.