[No. 1458.  Decided October 23, 1894.]

H. M. HERRIN *et al.*, *Appellants*, *v.* F. K. PUGH *et al.*, *Respondents.*

APPELLATE JURISDICTION — AMOUNT IN CONTROVERSY.

The allegation of the pleader that the value of the property in controversy is a sum in excess of $200, is not sufficient to give the supreme court jurisdiction on appeal, but before the appellate court will assume jurisdiction there must be a finding as to value by the lower court.

*Appeal from Superior Court, Spokane County.*

*Plummer & Thayer*, for appellants.

*Forster & Wakefield*, for respondents.

The opinion of the court was delivered by

HOYT, J. — Respondents move to dismiss this appeal on several grounds, one of which is that this court has no jurisdiction, for the reason that the value of the property does not exceed the sum of $200.

The appellants were claimants of certain personal property which had been levied upon by the sheriff of Spokane county as the property of one J. A. Gonser. They filed their affidavit and bond and thereby secured possession of the property under the provisions of § 491 of the Code of Procedure. In this affidavit the value of the property was alleged to be $1,000. Upon the hearing of the case upon the merits the court found that the claim upon which the property was attached by the sheriff was $101.17, and that the value of the property was greater than the amount of such claim. This is the only finding in relation to value, and it does not appear therefrom that the value of the property exceeds $200. It follows that if this court gets jurisdiction at all, it is by reason of the allegation of value in the affidavit of claimants.

The constitutional provision (art. 4, §4) upon this subject is that the appellate jurisdiction of this court shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy, or the value of the property does not exceed the sum of $200. Under this provision. it has been held that the amount claimed by the plaintiff in his complaint is the original amount in controversy, but so far as we are advised it has never been held that the bare allegation that property sought to be recovered is of a certain value establishes such value for the purpose of giving jurisdiction on appeal.

An examination of the language of the constitution will lead to the contrary holding. "The original amount in controversy" is the language of one clause, and must refer to the amount claimed and not to the amount which may ultimately be established upon trial. But the language of the other clause, "the value of the property," is not qualified by the amount in controversy or by the word "original," and must be construed as referring to such value as found by the court or jury. To hold otherwise would be to enable every case for the recovery of personal property to be brought within the jurisdiction of this court on appeal. The statement of the value of the property is purely a matter of opinion on the part of the pleader, and such opinion cannot give this court jurisdiction.

This construction of this constitutional provision is in accordance with the practice of most of the courts whose jurisdiction on appeal depends upon the value of the property sought to be recovered. The universal practice, so far as we are advised, is to require a finding as to value by the lower court, or some member thereof, before the appellate court will assume jurisdiction.

The appeal will be dismissed.

Dunbar, C. J., and Scott, Anders and Stiles, JJ., concur.