[No. 1934. Decided December 4, 1895.]

E. H. DOTY et al., Respondents, v. HARRY KRUTZ, Appellant.

13   169
35   284

APPEALS — AMOUNT IN CONTROVERSY — WHEN VALIDITY OF STATUTE INVOLVED.

The amount alleged in the ad damnum clause in a complaint and for which judgment is prayed, although in excess of the sum of $200, will not authorize an appeal to the supreme court, when it is evident from the pleadings that the original amount in controversy is less than $200.

The validity of a statute is not involved within the meaning of the constitutional inhibition on appeals, where the questions involving the statute are merely as to whether an action is properly brought under the statute, whether a recovery can be had under the statute, or whether there is any statute. governing the. particular action.

Appeal from Superior Court, Walla Walla County.— Hon. WILLIAM H. UPTON, Judge. Appeal dismissed.

B. L. & J. L. Sharpstein, for appellant.

J. W. Brooks, for respondents.

The opinion of the court was delivered by·

DUNBAR, J.—The respondents in this case interpose a motion to dismiss the appeal on the ground that this court has no jurisdiction to try the cause, for the reason that the original amount in controversy does not exceed $200. This motion we think will have to be sustained. It is evident from the complaint that the amount originally in controversy was less than $200, but appellant insists that the amount alleged in the ad damnum clause in the complaint, and for which judgment was prayed, was the amount involved, so far as the constitutional inhibition on appeals where

the amount is less than $200 is concerned. We do not think the constitution can be so construed. If so, any claim for a judgment, which could not possibly be obtained under the pleadings, would permit an appeal and destroy the object of the constitutional enactment.

It is further insisted in the reply brief that the action involved the validity of a statute. But we think this position is also untenable, and if this proposition was raised, it was not raised in appellant's original brief, nor on the trial of the action below, as far as we can ascertain by the record. The appellant, it is true, in his original brief claims that this suit was not properly brought under the statute, and that there was no statutory action in this state for eloignment of logs. But this does not raise the question of the validity of the statute. Whether an action is properly brought under a statute, whether a recovery can be had under a statute, or whether there is any statute governing a particular action, are all questions of the construction of statutes, but are not questions which go to the validity of a statute. And this meets the suggestion of the appellant in his reply brief, that "we contend that this statute is of no validity so far as farm liens are concerned."

We think the case falls squarely within the constitutional restriction in relation to actions where the amount does not exceed the sum of $200, and the appeal will therefore be dismissed.

HOYT, C. J., and SCOTT and GORDON, JJ., concur.