Burkhardt and another vs. Elgee.

BURKHARDT and another, Appellants, vs. ELGEE, Respondent.

*February 22 — April 14, 1896.*

*Appeal: "Amount involved."*

The "amount involved" in an action for trespass upon land "is less than $100," within the meaning of ch. 215, Laws of 1895, although that sum is claimed in the complaint, if, on an appeal from a judgment for the defendant, the record shows without dispute that in no aspect of the case could the plaintiff recover that amount; and the appeal will be dismissed, therefore, in the absence of a certificate of the trial judge such as said statute requires.

APPEAL from a judgment of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Dismissed.*

For the appellants there was a brief by *Baker & Helms*, attorneys, and *C. W. Bunn*, of counsel, and a supplemental

Burkhardt and another vs. Elgee.

brief by *Baker & Helms*, and the cause was argued orally by *Mr. Bunn* and *Mr. E. W. Helms*.

*John W. Bashford* and *James A. Frear*, for the respondent.

The following opinion was filed March 10, 1896:

WINSLOW, J. This is an action of trespass for entering the lands of the plaintiffs, and unlawfully, with hook and line, catching from the Willow river, a stream which flows through said lands, certain brook trout. The damages were laid at $100 in the complaint, but it appeared on the trial that the damages for the trespass were simply nominal, and that the brook trout caught were of the value of fifty cents only. Trial by jury was waived, and the entry and catching of the fish were admitted. The court found from the evidence, among other things, that the Willow river at the place in question was navigable for the purpose of driving logs and for small pleasure boats; that it had been stocked by the state, at great expense, and at the place in question, with trout fry, with the consent of the owners of the land in question. The court held that the right to fish in the stream belonged to the public, and that the owners of the land, by consenting to the stocking of the stream, had substantially dedicated the stream and the banks to the public for the purpose of fishing; whereupon the complaint was dismissed, and the plaintiffs appealed.

We are met on the threshold of the case with the fact that this judgment is not appealable. By ch. 215, Laws of 1895, no appeal can be taken from a judgment where the amount involved, exclusive of costs, is less than $100, unless the trial judge shall certify that the case involves certain difficult or constitutional questions. It appears by the findings that the amount involved in this case, exclusive of costs, is but fifty cents, and there is no certificate of the trial judge such as the statute requires. It would be frivolous to hold that, because the *ad damnum* clause of the com-

plaint places the damages at $100, therefore the "amount involved" is $100, when it affirmatively appears, without dispute, that in fact the damages were but fifty cents. We cannot, therefore, consider the questions raised, and which were so ably argued upon this appeal.

*By the Court.*— Appeal dismissed.

On a motion for a rehearing it was contended on behalf of the appellants that, the title to land being in question, the "amount involved" in the action is the value of such title, and the damages claimed are merely an incident. *Symonds v. Greene,* 28 Fed. Rep. 834; *Mississippi & M. R. Co. v. Ward,* 2 Black, 485; *Market Co. v. Hoffman,* 101 U. S. 112; *Whitman v. Hubbell,* 30 Fed. Rep. 81; *Ross v. Prentiss,* 3 How. 771. Even if title to land had not been involved, the amount claimed in the complaint as damages is decisive upon the question of jurisdiction of this court. *Wilson v. Daniel,* 3 Dallas, 401, 407; *Barry v. Edmunds,* 116 U S. 550, 560; *Johnson v. Hannahan,* 3 Strobh. 425; *Kolb v. Bankhead,* 18 Tex. 228; *Knapp v. Banks,* 2 How. 73; *Hilton v. Dickinson,* 108 U. S. 165. The qualification of this rule in *Gorman v. Havird,* 141 U. S. 206, applies only to cases where the plaintiff's demand is clearly frivolous.

The following opinion was filed April 14, 1896:

WINSLOW, J. A motion for rehearing is made in this case on the ground that the "amount involved" is the amount of damages laid in the complaint, viz. $100, and hence that the action is appealable, under ch. 215, Laws of 1895.

It seems to be considered that the appeal was dismissed because the circuit court found the value of the fish to be but fifty cents, and that we have taken the finding of the circuit court as conclusive upon the question of the "amount involved." Such was not the idea intended to be conveyed by the opinion, but some of the language is perhaps subject to

such a construction. We have not intended to lay down any different doctrine from that laid down by the supreme court of the United States in determining what is the "amount in dispute" in a case appealed to that court. The doctrine of that tribunal is well stated in *Gorman v. Havird*, 141 U. S. 206, as follows: "It is true, as a general rule, that where judgment goes for the defendant the amount of the plaintiff's claim is the test of jurisdiction, but this rule is subject to the qualification that the demand shall appear to have been made in good faith for such amount. If it appear clearly from the whole record that under no aspect of the case the plaintiff could recover the full amount of his claim (*i. e.* the amount necessary to confer jurisdiction), this court will decline to assume jurisdiction of the case." In this case, which is simply an action of trespass, the record shows without dispute that there were no circumstances which would justify a verdict for exemplary damages, and that the actual damages under no aspect of the case could exceed one dollar. Hence, under the rule above quoted, the appeal must be dismissed.

*By the Court.*— Rehearing denied.