[No. 5214.  Decided June 29, 1904.]

CHARLES GRAVES, *Appellant,* v. H. L. THOMPSON,
*Respondent.*[1]

APPEAL — JURISDICTION — AMOUNT IN CONTROVERSY—VALUE OF
PERSONAL PROPERTY FOUND BY JURY.  In an action for the re-
covery of the possession of personal property, the value of the
property in controversy, determining the jurisdiction of the su-
preme court on appeal, is the amount found by the court or jury,
and not the amount claimed in the complaint.

SAME—VALUE OF PERSONAL PROPERTY—DAMAGES FOR DETEN-
TION.  Upon an appeal from a judgment in favor of defendant
in an action for the recovery of the possession of personal prop-
erty, and for damages for its detention, alleged in the sum of
$475, the value of the property as found by the court or jury,
and not the damages alleged, is the amount in controversy, and
where the value fixed is $200, the appeal will be dismissed.

Appeal from a judgment of the superior court for Lin-
coln county, Neal, J., entered March 24, 1904, upon the
verdict of a jury rendered in favor of the defendant.  Ap-
peal dismissed.

*W. E. Southard,* for appellant.

*Myers & Warren,* for respondent.

DUNBAR, J.—Plaintiff brought an action to recover the
possession of two certain horses and a set of harness, all
described in the complaint; also alleging damages for the
detention, in the sum of $475.  The jury found a verdict
in favor of the defendant, and also found that the value
of the property was $200.  Judgment was entered in favor
of the defendant for costs, and from such judgment this
appeal is taken.

The respondent moves to dismiss the appeal, for the rea-
son that this court has no jurisdiction, because this is

[1]Reported in 77 Pac. 384.

an action for the recovery of personal property and the value thereof does not exceed $200. The decisions of this court seem to be somewhat conflicting on this proposition. In *Freeburger v. Caldwell,* 5 Wash. 769, 32 Pac. 732, which was an action for the recovery of personal property, in the course of the discussion the following announcement was made: "The amount in controversy was $200, value of the goods, and $500 damages for their detention. This court, therefore, has jurisdiction of the case." This was all the discussion of the question that was indulged in in that case. The question was discussed at some length, however, in *Herrin v. Pugh,* 9 Wash. 637, 38 Pac. 213, where it was held that the allegation of the pleader that the value of the property in controversy was a sum in excess of $200, was not sufficient to give the supreme court jurisdiction on appeal; but that, before the appellate court will assume jurisdiction, there must be a finding as to the value by the lower court. After quoting the constitutional provision that the jurisdiction of this court shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy, or the value of the property, does not exceed the sum of $200, it was said:

"Under this provision it has been held that the amount claimed by the plaintiff in his complaint is the original amount in controversy, but so far as we are advised it has never been held that the bare allegation that property sought to be recovered is of a certain value establishes such value for the purpose of giving jurisdiction on appeal. An examination of the language of the constitution will lead to the contrary holding. 'The original amount in controversy' is the language of one clause, and must refer to the amount claimed and not to the amount which may ultimately be established upon trial. But the lan-

guage of the other clause, 'the value of the property,' is not qualified by the amount in controversy or by the word 'original,' and must be construed as referring to such value as found by the court or jury. To hold otherwise would be to enable every case for the recovery of personal property to be brought within the jurisdiction of this court on appeal. The statement of the value of the property is purely a matter of opinion on the part of the pleader. and such opinion cannot give this court jurisdiction."

So that, yielding our allegiance to the doctrine announced in the last case—which we are constrained to do—the only remaining question is, whether the jurisdiction is affected by the amount claimed for damages. This proposition has also been squarely decided by this court in favor of respondent's contention, in the case of *Doty v. Krutz,* 13 Wash. 169, 43 Pac. 17, where it was said in the course of the discussion:

" . . . but appellant insists that the amount alleged in the *ad damnum* clause in the complaint, and for which judgment was prayed, was the amount involved, so far as the constitutional inhibition on appeals where the amount is less than $200 is concerned. We do not think the constitution can be so construed. If so, any claim for a judgment, which could not possibly be obtained under the pleadings, would permit an appeal and destroy the object of the constitutional enactment."

And this, we think, is the construction placed upon statutes of this kind by the great weight of authority. See 1 Enc. Plead. & Prac., 728, where it is said:

"In suits to test the title to or for the recovery of specific personal property the damages claimed or recovered are generally merely an incidental matter. It is the value of the property which is the determinative factor upon the question of jurisdiction *vel non.*"

The same rule is announced in *Astell v. Phillippi,* 55 Cal. 265; *Peyton v. Robertson,* 9 Wheat. 527, 6 L. Ed. 151; *Higgins v. Deloach,* 54 Miss. 498.

The motion will be sustained, and the appeal dismissed.

MOUNT, HADLEY, and ANDERS, JJ., concur.

FULLERTON, C. J., did not sit in this case.