[No. 7288.  Decided July 15, 1908.]

THE GILBERT COMPANY, *Appellant,* v. EARL W. HUSTED, *Respondent.*[1]

APPEAL — DECISIONS REVIEWABLE — AMOUNT IN CONTROVERSY — VALUE OF PROPERTY CLAIMED. In an action to recover personal property, and damages for its detention, under the claim and delivery statute, where the value of the property is not found by the court or jury, the test of the jurisdiction of the appellate court is the value alleged in the complaint, if the demand appears to have been made in good faith.

SAME—DETERMINATION OF AMOUNT—EX PARTE AFFIDAVITS—RECORD. The jurisdiction of the supreme court on appeal in replevin cannot be determined by *ex parte* affidavits as to the value of the property; and if the value is not found by the court or jury, and the complaint and the only evidence on the subject show the value to be over $200, the supreme court has jurisdiction.

[1]Reported in 96 Pac. 835.

APPEAL—NOTICE OF APPEAL—SUFFICIENCY. A notice of appeal sufficiently describes the judgment by reference to the "decision" entered on a certain date, the record showing the judgment to have been entered on such date.

SAME—BOND—SUPERSEDEAS—AMOUNT OF BOND. Where, in an action of replevin, the appellant·having erroneously assumed that it had possession of the property, the court on application fixed the amount of the supersedeas bond in the sum of $......, a bond given in the sum of $1,000 both as a cost and supersedeas bond is sufficient to give jurisdiction of the appeal, where the only judgment to be superseded was one for $43 in the registry of the court and for costs taxed.

SET-OFF AND COUNTERCLAIM—CAUSES ARISING FROM SAME TRANS-ACTION—REPLEVIN. In an action of replevin for goods sold under a conditional bill of sale, the vendee may counterclaim for damages by reason of the vendor's breach of a contemporaneous agreement respecting the mode of payment, since the two contracts arise out of the same transaction.

CONTRACTS—VALIDITY—CONDITION LIMITING POWER TO CONTRACT. The vendor in a conditional sale cannot limit his power to make other written contracts respecting the payments, by a memorandum in the bill of sale to the effect that the vendor shall not be responsible for any written or verbal contract or promise other than written or granted on the face of the contract.

EVIDENCE—PAROL EVIDENCE TO VARY WRITING—CONTRACTS — AM-BIGUITY. Where a written contract provides that the vendor in a conditional sale of a piano will transfer to the vendee its moving contract until one-half of the payments are made, it is free from ambiguity, and parol evidence is inadmissible to show that the transfer was to continue for ten months, or that only the profits arising from the moving contract were to be applied on the purchase price of the piano.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered November 30, 1907, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action of replevin. Reversed.

*Larrabee & Wright*, for appellant.

*Sherwood & Mansfield* and *Hulbert & Husted*, for respondent.

RUDKIN, J.—On the 3d day of July, 1903, the Allen & Gilbert-Ramaker Co. entered into a conditional sale agreement with the defendant Husted for the sale of a piano. The purchase price of $325 was made payable as follows: $25 on the execution of the contract of sale, and $15 on the 3d day of each and every month thereafter until the purchase price with interest at the rate of 8 per cent per annum, was fully paid. Title was to remain in the seller until the full payment of the purchase price. At the same time, and as a part of the same transaction, the parties to the conditional sale agreement entered into the following additional or supplemental agreement:

"It is hereby agreed by and between Allen & Gilbert-Ramaker Co., parties of the first part, and Earl W. Husted, party of the second part, that the first party, for and in consideration of the sale of a piano mentioned in a certain conditional sale of even date herewith, will transfer its moving account to the party of the second part until one-half of the said purchase price of three hundred twenty-five ($325) dollars is paid, provided the party of the second part furnishes first-class work and at schedule prices."

At the time of the commencement of this action, the sum of $250 had been paid on the purchase price, and the defendant was in default for the balance due. The action was instituted by the plaintiff, as successor in interest of the Allen & Gilbert-Ramaker Co.; to recover possession of the piano and damages for its detention, under the claim and delivery statute. The answer admitted the execution of the memorandum of conditional sale, and that only $250 had been paid on the purchase price, and alleged affirmatively that it was agreed by and between the parties that $175 of the purchase price should be paid in cash, and that the balance should be paid out of *the profits* arising from the moving contract above referred to; that the profits arising from the moving contract would amount to from $15 to $25 per month; that it was agreed that the contract should remain in force for a period

of *ten months.*; that the Allen & Gilbert-Ramaker Co. breached the moving contract on November 1, 1903, and transferred the moving contract to another; that the defendant was damaged in the sum of $90 by the breach of the moving contract, and had tendered the sum of $75 to the plaintiff in full payment and satisfaction of the balance due. On the issues presented by the complaint and affirmative answer, the case was brought on for trial. The court found in substance, that the defendant had paid $250 on the purchase price of the piano; that he had tendered and deposited in court the sum of $75 in full payment and satisfaction of the balance due; that he had been damaged in the sum of $90 by reason of the breach of the moving contract, and entered judgment decreeing that the defendant was the owner of the piano, free and clear of all encumbrance, and awarding him the sum of $43 from the tender deposited in court, together with costs of suit. From this judgment, the plaintiff has appealed.

The respondent has moved to dismiss the appeal on the ground that the value of the property in controversy is not sufficient to bring the case within the appellate jurisdiction of this court, and because the notice of appeal and appeal bond are defective. In actions of this kind the jurisdictional question is ordinarily determined by the actual value of the property, and not by the value as alleged in the complaint. *Herrin v. Pugh,* 9 Wash. 637, 38 Pac. 213; *Graves v. Thompson,* 35 Wash. 282, 77 Pac. 384. The value in such cases is that found by the court or jury. *Herrin v. Pugh, supra.* But where judgment goes for the defendant, there is no finding by the court or jury on the question of value, and in such cases the value alleged in the complaint is the test of jurisdiction, subject to the qualification that the demand shall appear to have been made in good faith for such amount. *Burkhardt v. Elgee,* 93 Wis. 29, 66 N. W. 525, 1137; *Gorman v. Havird,* 141 U. S. 206, 11 Sup. Ct. 943, 35

L. Ed. 717, and cases cited. If the rule were otherwise, a plaintiff dismissed without trial could never obtain a review of his case in this court. But if we are in error in this, we would still be compelled to look to the entire record to ascertain the jurisdictional facts, and could not consider *ex parte* affidavits filed in this court. *Gray v. Blanchard*, 97 U. S. 564, 24 L. Ed. 1108; *Knapp v. Deyo*, 108 N. Y. 518, 15 N. E. 540. A reference to the record shows that the only evidence offered on the question of value was that of the appellant, showing the value to be $325.

The notice of appeal was as follows:

"You and each of you will please take notice that the plaintiff in this action, feeling himself aggrieved on account of the decision entered herein on the 30th day of November, 1907, does here and now appeal from the same and each and every part thereof unto the supreme court of the state of Washington."

The record shows that the judgment was entered on the date mentioned in the notice, and the notice sufficiently describes the judgment. *Roberts v. Shelton Southwestern R. Co.*, 21 Wash. 427, 58 Pac. 576; *Brown v. Calloway*, 34 Wash. 175, 75 Pac. 630; *James v. James*, 35 Wash. 650, 77 Pac. 1080; *Horrell v. California, Oregon & Wash. Homebuilders' Ass'n*, 40 Wash. 531, 82 Pac. 889.

At the time the appeal was taken the appellant's counsel erroneously assumed that the appellant had possession of the piano, and applied to the court to fix the amount of a supersedeas bond. An order was entered fixing the amount of the bond in the sum of $......, and thereafter a bond in the sum of $1,000, conditioned both as a cost and a supersedeas bond, was filed. It appears from the record that the piano was in the possession of the respondent, and that the only judgment to be superseded was the judgment for $43 in the registry of the court, and for costs of suit to be taxed. The bond of $1,000 was amply sufficient to supersede this judg-

ment and secure the costs on appeal. The motion to dismiss the appeal must therefore be denied.

On the merits of the case, it is first contended that a counterclaim for damages arising from a breach of the moving contract could not be interposed in this form of action. The two contracts formed a part of the same transaction and must be construed together. In *Ames Iron Works v. Rea*, 56 Ark. 450, 19 S. W. 1063, it was held that in an action of replevin to recover goods sold, with reservation of title in the vendor until the purchase price was paid, the vendee may in defense, counterclaim the damages sustained on account of the vendor's failure to deliver the goods at the time agreed, and tender to the vendor the balance due on the purchase price after deducting such damages, and this rule meets our approval. If the failure of the purchaser to make payment in this case was caused by the refusal of the vendor to permit him to make payment in the mode specified in the contract, it certainly cannot be contended that the vendor can recover the property, notwithstanding his own breach of contract and default.

It is next contended that the court erred in admitting the moving contract in evidence, because the memorandum of conditional sale contained the following provision: "The Allen & Gilbert-Ramaker Co. is not responsible for any written or verbal contract or promise, other than written or printed on the face of this contract." The proposition that a party may by contract limit his power to make other or different contracts in the future, in relation to the same or any other subject-matter, is so devoid of merit that we will not discuss it.

It is lastly contended that the court erred in admitting testimony tending to vary and contradict the terms of the moving contract. This contention must be sustained. The moving contract was written by the respondent himself and is free from ambiguity. There is certainly nothing on the face

of the contract tending to show that it should continue in force for ten months or any other given period of time, or that only the profits arising from the contract should be applied on the purchase price of the piano. On the other hand, it seems clear that the contract should continue and remain in force only until the moving account at schedule rates should equal one-half of the purchase price of the piano, or the sum of $162.50. It seems to us that the contract admits of no other construction, and that the proof offered and received was utterly incompetent. There was no claim or pretense that the moving contract was violated by the appellant or its predecessor in interest, as thus construed, and in our opinion no breach of the contract was shown.

The judgment of the court below must therefore be reversed. If the respondent shall pay the balance due on the purchase price of the piano, with interest and all costs awarded against him, within thirty days from the filing of the remittitur in the court below, the action will be dismissed. Otherwise the court must enter judgment for the return of the piano or its value, and assess damages for the detention, taking further proof for that purpose.

HADLEY, C. J., FULLERTON, DUNBAR, CROW, and MOUNT, JJ., concur.