[No. 31991. Department Two. June 19, 1952.]

FRANK R. GREEN et al., Appellants, v. HAROLD E. NICHOLS et al., Respondents.[1]

Deane W. Parker, for appellants.

Cadwell F. Corrigan (Stedman & Stedman, of counsel), for respondents.

HAMLEY, J.—This is an action to recover the possession of personal property, or the value thereof, and damages for the detention, brought pursuant to RCW 4.56.080 (Rem. Rev. Stat., § 434). The trial court sustained a demurrer to

[1]Reported in 245 P. (2d) 468.

the complaint and thereafter entered judgment for defendants. Plaintiffs appeal.

It is alleged in the complaint that Mrs. Eugene F. Werelius, one of the plaintiffs, was admitted to defendant Providence hospital, in Seattle, for the purpose of being delivered of a child; that, at the request of her doctor, a radiologist employed by the hospital took certain X-ray pictures of Mrs. Werelius and her child; that the hospital rendered a bill for these pictures in the sum of twenty-six dollars, which bill was paid in full; that Mrs. Werelius and her husband were and now are the owners and entitled to possession of the X-ray pictures; that they and the other named plaintiffs, as their agents, have demanded possession of such pictures, but that defendants have refused to deliver possession thereof to plaintiffs; and that the unlawful withholding and retaining of the X-ray pictures has damaged plaintiffs in the sum of two hundred dollars.

The prayer of the complaint is for possession of the X-ray pictures, or for the sum of twenty-six dollars, "the value thereof," together with two hundred dollars damages and costs of suit.

■ We are obliged to dismiss the appeal on our own motion, for the reason that this is an action at law for the recovery of personal property and the value of the property does not exceed the sum of two hundred dollars.

The applicable provision of the state constitution reads as follows:

"The supreme court shall have . . . appellate jurisdiction in all actions and proceedings, excepting that its' appellate jurisdiction shall not extend to civil actions at law for the recovery of money *or personal property* when the original amount in controversy *or the value of the property* does not exceed the sum of two hundred dollars, unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute." Art. IV, § 4, Washington State Constitution. (Italics ours.)

■ This is an action for the recovery of personal property, the alleged value of which is twenty-six dollars. The fact that the complaint also alleges damages in the sum of

two hundred dollars because of the detention of such property is immaterial. That allegation does not state a separate cause of action, but is part of the first cause of action and incidental thereto. *Meyers v. Walker,* 173 Wash. 592, 596, 24 P. (2d) 97.

Accordingly, it has twice been held by this court that our jurisdiction to entertain an appeal in an action for the recovery of personal property, or the reasonable value thereof, is not affected by the amount claimed for damages. *Doty v. Krutz,* 13 Wash. 169, 43 Pac. 17; *Graves v. Thompson,* 35 Wash. 282, 77 Pac. 384. A contrary view, expressed in *Freeburger v. Caldwell,* 5 Wash. 769, 32 Pac. 732, was considered and rejected in the *Graves* case.

We can and should dismiss an appeal on our own motion when the lack of jurisdiction is apparent. *Baker v. Oliver,* 37 Wn. (2d) 862, 226 P. (2d) 567.

The appeal is dismissed.

SCHWELLENBACH, C. J., HILL, FINLEY, and OLSON, JJ., concur.