LOSIE, Respondent, vs. THE UNDERWOOD LUMBER COMPANY,
imp., Appellant.

*April 14 — May 5, 1891.*

*Lien on logs.*

Where, in an action to enforce a lien for driving logs having certain
marks, it clearly appeared by the plaintiff's own testimony that he
spent a certain number of the days for which he had charged defend-
ant in driving logs of a different mark down to the point where de-
fendant's logs were, it was manifest error to refuse an instruction
that the plaintiff could not recover for those days.

APPEAL from the Circuit Court for *Oneida* County.
The case is stated in the opinion.    The defendants
McPhee & Mitchell did not answer.    The defendant *The
Underwood Lumber Company* appeals from a judgment for
plaintiff.

For the appellant there was a brief by *Miller & McCor-
mick*, and oral argument by *Frank M. Hoyt*.

Losie vs. The Underwood Lumber Co.

For the respondent there was a brief by *L. J. Billings* and *Bardeen, Mylrea & Marchetti,* and oral argument by *S. A. Harper* and *A. G. Zimmerman.*

ORTON, J.   This action, to recover judgment for a lien on 25,000 feet of saw-logs marked on the end L. I. Z. and on the side T. I. N., and belonging to the defendant company, for the plaintiff's work and labor thereon in driving the same on the Wisconsin river, was commenced before a justice, and a judgment was rendered for the plaintiff for his full claim, and the same judgment was rendered in the circuit court on appeal to that court, and this appeal is from said judgment.   The only two defenses set up in the answer, and the only two points made on the appeal, are: (1) That the claim was not owned by the plaintiff, but that he had sold and transferred the time-check which he had received from McPhee & Mitchell, the contractors, for his work in driving said logs; and (2) that one half of the labor alleged to have been performed by the plaintiff was performed on other logs than those belonging to the defendant, and on which he claims a lien.

The evidence appears to be quite conclusive that the plaintiff had not sold the time-check, but that he had merely hypothecated it as security for money and goods, and that he still owned it, and had the right to sue for it.

The testimony shows that the plaintiff worked seven days of the time for which he has charged the defendant in this action on the logs of other persons than the defendant, in running them down the river to the point where the defendant's logs were taken into the drive.   The defendant's counsel requested the court to instruct the jury that the plaintiff could not recover for labor performed on the logs of others before commencing work on the defendant's logs, and that they should find that only such part of said claim is a lien upon said defendant's logs as is covered by the

labor actually performed on such logs.  This instruction the
court refused to give, but instructed the jury as follows:
" There has been some evidence introduced here tending to
show that work was done on other logs a certain number
of days.  Now, if these logs were intermingled, and a set-
tlement was had between *Losie* and McPhee & Mitchell,
the men who hired him, the burden of proof would rest
upon the defendant — *The Underwood Lumber Company* —
to show just what proportion of the labor was done upon
other logs, and what reduction should be made, if any, on
that account."

The plaintiff testified " that he began work about the
15th day of April, and worked consecutively until the 22d
day of May, 1889, thirty-five days, at $2.50 per day; that
he commenced on the Wisconsin river above the mouth of
Twin river, and that there were no T. I. N. and L. I. Z.
logs in the river above Twin river; that the mark on the
logs up there was diamond V; that he was at work seven
days on these diamond V logs, driving them down to the
mouth of Twin river, and that he then went to work on the
T. I. N. and L. I. Z. logs."  The logs marked by these let-
ters were the defendant's logs, and the diamond V logs be-
longed to some one else.  It is very clear that the plaintiff
ought not to have recovered in this action for these seven
days he worked on the diamond V logs, and the instruction
asked should have been given.  There is no evidence what-
ever that these seven days' labor was performed on other
logs after they were intermingled with the logs of the de-
fendant.  For that the plaintiff had the right to recover.
In view of this testimony, it was not a question of the bur-
den of proof, but the fact had been proved by the plaintiff
himself; for the labor of these seven days, at $2.50 per day,
making $17.50, ought to have been deducted by the jury,
and the court ought to have so instructed them.  For this
error the judgment must be reversed.  The facts and figures

are so plain that a new trial ought not to be had merely to correct this error.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial, unless the plaintiff shall remit from the amount of the judgment $17.50.