MINTON, Respondent, vs. THE UNDERWOOD LUMBER COM-
PANY, Appellant.

*April 15 — May 5, 1891.*

*Lien upon logs: Filing petition: Evidence: Instructions: Estoppel.*

1. The gathering and care of the peavies and tools which have been
   used in driving logs, at the conclusion of a job, is an essential part of
   the work, and the time employed in so doing is a part of the time
   for which a lien is given.
2. If a part of the labor of driving logs for which a laborer seeks to
   enforce a lien was done on logs other than those of defendant,
   though contracted to be run by his employer, he cannot enforce a
   lien on defendant's logs therefor; and for the court to refuse to in-
   struct the jury, in such a case, that they should find how much was
   done on other logs, and charge defendant's logs only with the labor
   done on them, is error for which a judgment for the plaintiff for
   his whole claim should be reversed.
3. Although the petition for a lien was handed to the clerk of the court
   when away from his office, yet his indorsement of it as being filed
   on that day is *prima facie* evidence that it was actually filed in his
   office on that day, and is conclusive in the absence of evidence to
   the contrary.
4. In an action to enforce liens upon logs for work done by the plaintiff
   and his assignors as employees of contractors for driving such logs,
   the checks, account-books and time-book of the contractors are not
   competent evidence of the amount of work done by them or the
   balance due them; but, if the plaintiff offers the time-checks and
   account-books, and the defendants the time-book, they are both es-
   topped from assigning error because of the admission or rejection
   thereof.

APPEAL from the Circuit Court for *Oneida* County.

The case is fully stated in the opinion. The defendant,
*The Underwood Lumber Company*, appeals from a judg-
ment for the appellant for the full amount of his claim with
interest.

For the appellant there were briefs by *Miller & McCor-
mick* and *Frank M. Hoyt*, and oral argument by *Mr. Hoyt*.
They contended, among other things, that the petition for

a lien was not filed within the thirty days allowed by law, and that the filing indorsed thereon was not proof.

For the respondent there was a brief by *Levi J. Billings* and *Bardeen, Mylrea & Marchetti,* and oral argument by *S. A. Harper* and *A. G. Zimmerman.*

ORTON, J. The plaintiff's claim consists of his own labor performed for McPhee & Mitchell, the contractors, in driving the logs of defendant on the Wisconsin river, a certain number of days, between the 15th day of April and the 23d day of May, inclusive, 1889, at $2.50 per day, and as the assignee of the claims of four other persons who performed labor on the same drive a certain number of days at the same price. By the petition for a lien upon the logs of the defendant company in the driving of which said labor was performed, and by the complaint, the last day's work was performed on the 22d day of May, 1889. By leave of the court the petition and complaint were amended to make said day the 23d day of May, 1889. The petition was filed on the 22d day of June thereafter.

The answer alleges that the defendant owned the logs mentioned in the complaint, marked on the side " T. I. N." and on the end " L. I. Z.," and that they were driven on the Wisconsin river by McPhee & Mitchell between the 25th day of April and the 22d day of May, 1889, on contract, and that they had been paid therefor, and that all the labor performed in driving said logs was performed for them. The answer denies that the plaintiff or his assignors performed any labor on said logs after the 22d day of May, 1889, and denies that the petition was filed on the 22d day of June thereafter, and alleges ignorance of all allegations not admitted or denied.

On the plaintiff's behalf the testimony tended to prove that he and his assignors performed the labor first for several days in driving logs marked " Diamond V.," " D. &

S.," and " W. M.," belonging to other parties than the defendant, before coming down to the point where the defendant's logs were mingled with the drive,— the plaintiff two days, and the assignors eight or ten days,— and that the claim for such labor is a part of the plaintiff's claim in this action. And the testimony for the plaintiff tended to prove further that the plaintiff and his assignors worked the number of days, and at the price, and on all the lots of logs, as alleged in the complaint. In addition to this oral testimony, the plaintiff introduced the time-checks given by McPhee & Mitchell, showing the number of days the plaintiff and his assignors worked on the whole drive, the price of $2.50 per day, and the gross sum due; and they were received in evidence, under the objection and exception of the defendant. Afterwards the account-book of said McPhee & Mitchell, in which the accounts of the plaintiff and his assignors for such labor were entered, was introduced in evidence, under like objection and exception of the defendant.

The defendant introduced testimony tending to prove that the plaintiff and his assignors did not work the number of days charged, and performed no work whatever on said logs on the 23d day of May, 1889, but that their labor thereon ceased on the 22d day of May, or the day before. The jury found a verdict, and judgment was rendered for the plaintiff, for a lien on the logs of the defendant for the full amount of plaintiff's claim and interest. This appeal is taken from said judgment.

The errors assigned by the learned counsel of the appellant, in their brief, will be disposed of in their order.

1, 2. Besides the objection to the introduction of the account-book and time-checks aforesaid, the learned counsel excepted to the refusal of the defendant's offer to introduce the book in which the time of the laborers was kept by McPhee & Mitchell, and from which the time-checks

were made out. The checks, account-book, and time-book, to prove the plaintiff's claim for a lien on the logs of the defendant, were clearly incompetent. McPhee & Mitchell, the contractors, were strangers and third persons in respect to the lien on the logs of the defendant, and had no interest therein; and their checks and books were no more competent evidence than their admissions would be, to bind the defendant. That evidence was merely immaterial; and, as the plaintiff offered the time-checks and account-book, and the defendant the time-book, they are both estopped from assigning error upon its admission or rejection. The labor on the logs had to be proved by competent testimony by witnesses who knew of its performance. That evidence the plaintiff attempted to give and adduce, which leads to the next assignment of error.

3. That it was not shown that the plaintiff and his assignors performed work on the logs on the 23d day of May, 1889. The plaintiff testified that he and one of his assignors worked on that day, gathering the peavies and tools used on the drives, by the orders of McPhee & Mitchell, and the witness Edward Losie testified that the other three assignors did similar work on that day. We think that such work was an essential part of the work on the drives. These tools were gathered and taken care of preparatory to quitting and ending the job. The court so instructed the jury, and refused to instruct them, as requested, that such work was no part of the work on the logs. This disposes also of the fifth assignment of error as to such refusal to instruct.

4. The court did not err in refusing the motion of the defendant for a nonsuit. The plaintiff proved that the labor was actually performed as alleged in the amended complaint, and within the time alleged, and that it was mostly performed on the logs of the defendant.

5. The court did not err in instructing the jury that the

petition for the lien was filed on the 22d day of June, 1889. The petition was handed to the clerk of the court on that day, when he was away from his office, and he indorsed the filing of the same thereon on that day; and the testimony tends strongly to show that it was deposited in his office on that day. The deputy clerk testified that he received it so indorsed, and that, according to his best knowledge, the entries were made on the day the petition for a lien was received by him in the office. The indorsement is certainly *prima facie* evidence that the petition was filed in the clerk's office on the 22d day of June, and there was no evidence whatever that it was not.

6. The learned counsel of the appellant requested the court to instruct the jury as follows: "If you find that a part of the labor for which this action is brought was actually done on other logs than the defendant's, then you should determine from the evidence how much of such labor was done on such other logs, and only charge defendant's logs with the amount of labor done on them." The court refused to give this instruction, and such refusal is assigned as error. There is nothing more clearly certain than that the lien for labor attaches and can be enforced only on the logs on which it was performed, whether it be for cutting, hauling, running, driving, or rafting. It is a specific lien on the identical thing upon which the labor is performed. Sec. 3329, R. S. This is too plain and self-evident to admit of argument. The refusal to give this instruction was not only erroneous, but prevented the jury from determining what part of the labor was performed on the defendant's logs, and find a verdict accordingly, and has made it necessary to reverse the judgment and remand the cause for the purpose of having the error corrected. As near as we can ascertain from the evidence, the plaintiff performed only two days' labor upon driving the logs of others above the point where the defendant's logs were reached, and his

assignors performed eight or ten days' labor, each, on such other logs. The labor of the four assignors at the shortest time of eight days each would be thirty-two days, and the two days the plaintiff performed labor on the other logs at $2.50 per day, would be $85.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial, unless the plaintiff shall remit said sum of $85.