The Board of Commissioners of Dearborn County v. Kyle.

· No. 16,680.

THE BOARD OF COMMISSIONERS OF DEARBORN COUNTY
v. KYLE.

APPELLATE COURT.—*Jurisdiction.*—*Money Demand.*—*Amount in Controversy.*—Where the amount demanded in the complaint is $3,503.05, to which an answer of confession and avoidance, by a plea of the statute of limitations, is filed, to which answer a reply is made, confessing that all the amount sued for is barred by the statute, except the sum of $1,960, to which reply a demurrer was sustained, under such state of the record, the amount in controversy is only $1,960, and the jurisdiction of the case, on appeal, is in Appellate Court.

From the Dearborn Circuit Court.

*G. M. Roberts* and *C. W. Stapp*, for appellant.

*N. S. Givan*, for appellee.

McCABE, J.—The appellant sued the appellee in the court below to recover an alleged balance of $3,503.05 in his hands which he is charged with failing to pay over, as the outgoing treasurer of said county, to his successor in said office.

Appellee answered that the cause of action did not accrue within six years before the commencement of the action. The plaintiff replied, "That during said defendant's term of office he undertook, as required by law, to keep an account and ledger of all receipts and disbursements of money received and paid out by him during his term of office, and which accounts and ledger, and the balances therein shown, were the accounts and balances to be, and were the ones used, by defendant and said board in making their annual settlements, and which were the ones used to determine the amount of balance of money in the hands of such treasurer, which he was required to pay over to his successor in office;

that the amounts of refunders, or amounts of refunded taxes, mentioned in the complaint were made up and composed of numerous items of payments to various persons and in different amounts, and which refunded taxes paid by said treasurer were required to be, and were, apportioned among the various funds of the revenue of said county; that payments of said various sums of money were made by defendant on warrants drawn by the auditor of Dearborn county, and when made were entered in the items of disbursements in said treasurer's said ledger accounts by him kept, and by entry said treasurer received credit for said sum; that by the system of bookkeeping long before, and up to the time said treasurer entered upon the duties of his said office, it was the custom and proper manner of keeping the county treasurer's accounts correctly, for said treasurer, when making the semi-annual settlements with the auditor of said county and the auditor of State, as required by law, to foot up total amounts of the sums paid for refunded taxes and take credit therefor on said settlement sheets and charge himself with the balance upon his, the treasurer's, ledger account, under the head of receipts, and also upon the same side of his said ledger, and under the head of receipts, to charge himself back with said amount of refunded taxes taken credit for on said settlement sheets; that without said amount on said sheets so received credit for being charged back, as aforesaid, the fact of said credit being doubly taken would be lost and concealed from the knowledge of plaintiff, for by the said system of bookkeeping in said office used, the total taxes charged on the tax duplicate, and stated in said settlement sheets, were not charged on said treasurer's ledger, but only the balances which were left after deducting the credits were charged in his ledger accounts of receipts, so that without charging back to himself the amounts

paid for refunders, the fact of having received more than one credit for such payments became and was concealed; * * * * that during defendant's said term of office the entries made by said treasurer of the receipts and disbursements were voluminous, and the items of refunded taxes were very numerous, and were entered to the credit of said treasurer without designation as to whom they were paid, and the receipts of said treasurer were also numerous; that said defendant, to conceal the fact of having received double credits for said refunded taxes, paid by him, wrongfully omitted to enter the proper charges on his said ledger, and so wrongfully and improperly kept his said ledger, and so made and kept his said entries of receipts and disbursements as to conceal the fact of having received such double credits, and so as to conceal the fact that at the expiration of his term he had on hand said sum of $1,960 belonging to said county, and by reason of the manner in which said treasurer kept his said accounts, and made said entries, it was impossible for said board to ascertain the fact that said double credit had been received without a complete examination and auditing of the books of said treasurer and an examination of all settlement sheets used in said settlements, together with the original warrants for said refunded taxes paid, and without such an expert and thorough examination of all said treasurer's accounts, as it was impossible for said board to make in making said settlements with said treasurer; * * * and for the purpose of concealing from said board the true state of his accounts, he failed and omitted * to properly charge himself back on his ledger account with the amount of refunders credited to him in said settlement sheets and in his said items of disbursements; that defendant, in making said settlements with said board, and in paying over the funds of said county to his successor in office, then well

knowing that he had omitted to make said charges against himself on said ledger accounts, and, well knowing of said omission, the balance shown by his accounts as in his hands as the funds of said county was a false balance, and well knowing that said balance, $1,960 less money of said county in his hands than he actually had on hand, and he then representing to said board that said balance shown by his accounts being said false balance, was the true balance of county funds in his hands and all the county funds in his hands, and then concealing said facts of his having an excess of said $1,960 * * * said board having no knowledge to the contrary, made said settlements with said defendant, and accepted from said defendant $1,960 less than the actual sum in defendant's hands; that said board did not, until within less than six years next before the commencement of this action, discover that said double credit had been received, * * * nor did they discover the cause of action herein sued on until within a period of less than six years next before the commencement of this action, and defendant at no time informed said board, or made known to any one the facts or cause of action so concealed aforesaid.''

A demurrer to this reply was sustained, and plaintiff, failing to plead further, appellee had judgment upon the demurrer.

The assignment of this ruling for error is the only question presented by the record for our consideration.

The complaint, as we have construed it, seeks to recover a money judgment for more than $3,500, and, therefore, *prima facie*, presents a case within the jurisdiction of this court.

The answer setting up the statute of limitations makes a complete bar to the whole complaint, being a confession and avoidance.

The reply is also in confession and avoidance; it confesses the answer and attempts to avoid it only as to a part of the amount sued for. It confesses that all the amount sued for is barred by the statute of limitations except the sum of $1,960. It attempts to avoid the answer of the statute only as to that sum.

The circuit court held, in sustaining the demurrer to this reply, that it failed to state facts enough to avoid the statute even as to that sum, and judgment went upon the demurrer in effect that the whole cause of action set up in the complaint was barred by the statute of limitations, because the confession in the reply admitted that fact so set up in the answer without avoiding it. That ruling is the only error assigned. And the only question presented by such assignment is whether the reply sufficiently avoids the answer as to so much of the complaint as amounts to the sum of $1,960.

If we should hold, as appellant seeks to have us do, that the reply does sufficiently avoid the answer as to so much of the complaint as amounts to said sum of $1,960, then that would result in a reversal of the judgment below, and would enable the appellant to recover on the complaint, on proper proof, said sum of $1,960, and no more.

If we should hold, on the other hand, as the trial court did, that the reply, while confessing the answer, did not state facts sufficient to avoid it, we would simply affirm the judgment. So that it appears that the amount in controversy, in this appeal, is but said sum of $1,960.

The Appellate Court has exclusive jurisdiction in all appeals in actions seeking the recovery of a money judgment only where the amount in controversy, exclusive of interest and costs, does not exceed $3,500. 1 Burns' R. S. 1894, section 1336.

This court is, therefore, without jurisdiction to decide this appeal. The cause is therefore transferred to the Appellate Court.

Filed April 7, 1894.