Henk vs. Baumann and another.

HENK, Appellant, vs. BAUMANN and another, Respondents.

*May 9 — May 24, 1898.*

*Appeal: Jurisdiction: Dismissal: "Amount involved."*

1. Where the court has no jurisdiction of an appeal, a dismissal must follow, whether a motion be made to that effect or not, under the rule that consent or waiver cannot confer jurisdiction of the subject matter.
2. Under the statute (Laws of 1897, ch. 183) prohibiting appeals, except on the certificate of the trial court submitting difficult questions of law for decision, where the amount involved is less than $100 exclusive of costs, the "amount involved" refers to the amount in dispute as the case stands in the appellate court, without regard to the amount of the judgment appealed from or that claimed in the pleadings.
3. If the amount claimed be over $100, but the opposite party admits a part, leaving less than $100 in dispute, then the amount involved is less than $100, within the meaning of the appeal statute.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Appeal dismissed.*

Action to recover possession of a quantity of oats held by defendants on the alleged ground that they were entitled to do so by virtue of a lien thereon for cleaning and elevator

charges.   Plaintiff admitted defendants' claim to a special
property in the oats to the extent of $56.49.   The only con-
troversy on the trial was as to the price agreed upon between
the parties for services regarding the oats, plaintiff contend-
ing that one cent per bushel was the price for both cleaning
and storage for the first month, and one half a cent per
month thereafter, and defendants contending that the price
was one cent per bushel for cleaning and the same for stor-
ing.   At the close of plaintiff's testimony the court directed
a nonsuit upon the ground that the evidence conclusively
established defendants' special property as claimed by them,
to wit, $127.97, and the right to the possession of the grain
by virtue thereof.   ·Judgment was rendered accordingly,
from which plaintiff appealed.

D. J. Hemlock, for the appellant.

For the respondents there was a brief by Ryan & Merton,
and oral argument by T. E. Ryan.

MARSHALL, J.   The first question that must be decided in
this case is, Does the right of appeal exist under ch. 183,
Laws of 1897?   That provides that no appeal shall be taken
to the supreme court in any case, from any judgment, when
the amount involved is less than $100 exclusive of costs,
unless the title to land shall be in question, or the judge of
the court in which such judgment was rendered shall cer-
tify that the case necessarily involves the decision of some
question or point of law of such doubt and difficulty as to
require the decision of the same by the supreme court, or
that it necessarily involves the construction or interpreta-
tion of some provision of the constitution of the United
States or of the constitution of this state.   The question is,
whether the amount involved in this case, as presented in
this court, is $100 exclusive of costs.   If that must be an-
swered in the negative, then, obviously, the court has no
jurisdiction, and a dismissal must follow, and that without

regard to whether any motion was made by respondent for such dismissal. The court is required to determine the question of its own jurisdiction in every case, whether raised by the parties or not, and refuse to exercise jurisdiction if none exists, even against the request of litigants, under a familiar rule that consent of parties cannot clothe the court with jurisdiction of the subject matter.

"The amount involved," as the term is used in the statute, is not, necessarily, the amount claimed in the complaint on plaintiff's appeal, or the amount of the judgment on defendant's appeal, but the amount actually in controversy between the parties as the case stands in this court. That subject was treated in *Burkhardt v. Elgee*, 93 Wis. 29, where, though the amount claimed in the complaint was over $300, the evidence showed that in no aspect of the case could the plaintiff recover $100 damages. In that situation the court held that the amount involved, within the meaning of the statute, was less than $100, hence dismissed the appeal. Similar laws have received similar construction in many jurisdictions. In *A. Hall Terra Cotta Co. v. Doyle*, 133 N. Y. 603, the judgment was $652, being the amount claimed in the complaint. Defendant admitted $402, and it was held that the amount involved was the difference between the $652 claimed and the $402 admitted. So in *New England Mortgage Security Co. v. Gay*, 145 U. S. 123, plaintiff appealed from a judgment in its favor. The amount claimed, except what the court decided was usurious and therefore not recoverable, was not disputed, and on that state of the case it was held that the amount of the usury was the true amount involved within the meaning of the appeal statute. Again in *Schultz v. Holbrook*, 86 Iowa, 569, where the amount claimed in the complaint was more than $100, but it appeared on the face of the pleading that the statute of limitations had run as to a part, leaving less recoverable than $100, it was held, on plaintiff's appeal, that the amount involved was less than

$100. Again, in *Stinson v. Cook*, 53 Kan. 179, an action in replevin, where plaintiff recovered part and defendant part of the property in dispute: On plaintiff's appeal it was held that the amount involved was the amount of the property he failed to recover. To the same effect are *Nash v. Beckman*, 86 Iowa, 249; *Board of Comm'rs of Dearborn Co. v. Kyle*, 137 Ind. 421; *Buckstaff v. Russell*, 151 U. S. 626; *City Bank v. Hunter*, 152 U. S. 512. So the real test is, What is the amount involved as the case appears in the appellate court? *Decker v. Williams*, 73 Fed. Rep. 308.

From the foregoing it follows beyond controversy that the amount involved here, within our appeal statute, is the difference between the value of defendants' special property in the oats according to the judgment, exclusive of costs, or $127.97, and the $56.49 conceded by plaintiff, such difference being $71.48. Therefore the judgment is not appealable except on a certificate of the trial judge as provided by law.

*By the Court.*— The appeal is dismissed.