## WIDMAN, Appellant, vs. GAY, Respondent.

*November 5 — November 22, 1898.*

*Appeal: Certificate of judge: "Amount involved:" Evidence.*

1. Where the complaint in one count claimed $30 as due on a contract, in the second count claimed $50 as damages for one breach of the contract, and in the third count claimed $118 as damages for another breach, but there was no evidence of any damages under the third count, a judgment against the plaintiff for costs only is not appealable, under sec. 3047, Stats. 1898, without a certificate by the judge, since plaintiff's recovery on the evidence could not, in any event, have amounted to $100.

2. The plaintiff's failure to give evidence to prove that any damages were sustained under the third count was, in effect, an abandonment thereof, and neither the damages there claimed, nor those set up by the defendant as a counterclaim, on which there was no recovery, can be reckoned as a part of the "amount involved" in the action.

3. In an action by a married woman on contract, a question to plaintiff's husband, "Do you think of any other way in which you have been damaged" by reason of defendant's not fulfilling his contract, was properly excluded, since it related to damages, not to the plaintiff, but to her husband, and could have no bearing upon the controversy between the parties to the action.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Appeal dismissed.*

Action to recover $30 alleged to be due as a balance for dirt sold to the defendant to be taken by him from plaintiff's lot, $50 for damages for failure to grade and level the lot according to contract, and $118 damages for not removing the dirt within the time agreed upon, whereby loss was alleged to have accrued to plaintiff from being unable to construct a greenhouse thereon as contemplated, and start the enterprise by operating the same. Defendant tendered judgment for $20, but put in issue all the allegations of the complaint, and also counterclaimed for damages for breach of the contract mentioned in the complaint on the part of the plaintiff to the amount of $200. There was evidence tending to prove that plaintiff was entitled to recover $97 on account of the facts alleged in two of the causes of action set forth in the complaint. As to the other cause of action, there was evidence tending to show that defendant was informed before the contract was made for grading the lot that plaintiff proposed building a greenhouse thereon and to operate the same, but there was no evidence given or offered showing that the enterprise was delayed by defendant's conduct. Some evidence was rejected which will be referred to in the opinion. There was evidence on defendant's part to some extent supporting his counterclaim. The jury rendered a verdict in defendant's favor, on which judgment was rendered against plaintiff for costs, from which this appeal was taken.

For the appellant there were briefs by *Bird, Rogers & Bird,* and oral argument by *Geo. W. Bird.* They argued, among other things, that the damages claimed by plaintiff exceeded $100, and that the exclusion of testimony as to elements of damage could not deprive a party of his right of appeal; and that the amount of defendant's counterclaim must be considered in determining the "amount involved." *Arthurs v. Thompson,* 97 Ky. 218; *Reed v. Trowbridge,* 106

N. Y. 657; *Charlton v. Scoville*, 144 id. 691; *Winder v. Weaver*, 37 S. W. Rep. 376; *Conrad v. De Montcourt*, 138 Mo. 311; *Kendall v. Blinn*, 4 Ohio N. P. 95; *Dickey v. Smith*, 42 W. Va. 805; *State ex rel. Beauvais v. Judges*, 48 La. Ann. 672; *Buckstaff v. Russell*, 151 U. S. 626.

*Frank M. Wootton*, for the respondent.

MARSHALL, J. Sec. 3047, Stats. 1898, provides that "no appeal shall be taken to the supreme court from any judgment when the amount involved, exclusive of costs, is less than $100, unless the title to lands shall therein be in question, or the judge of the court in which such judgment was rendered shall certify that the case necessarily involves the decision of some question of law of such doubt and difficulty as to require a decision of the same by the supreme court, or that it necessarily involves the construction or interpretation of some provision of the constitution of the United States or of the constitution of this state." No such certificate was made, therefore the judgment we are expected by appellant to review is not appealable unless the amount involved, within the meaning of the statute, exceeds $100 exclusive of costs. As no judgment was rendered against the plaintiff, except for costs, manifestly the amount involved on her appeal, exclusive of costs, cannot exceed the entire amount which she could have recovered on the most favorable view that can reasonably be taken of the evidence. The statute has been carefully construed several times heretofore, so it is not deemed advisable to go over the subject at this time. It is sufficient to refer to *Burkhardt v. Elgee*, 93 Wis. 29, and *Henk v. Baumann*, 100 Wis. 28. The amount involved is not necessarily the amount claimed in the pleadings on either side, or on both sides, but the amount actually claimed by the appellant which was denied him by the result in the trial court, and which is brought up for review on the record as presented in this court. In the opinion in

*Burkhardt v. Elgee,* it is said that the amount involved under the appeal statute is the amount actually in controversy between the parties as the case stands in this court.

Testing the record here by the foregoing we fail to see why the amount which plaintiff could recover on the evidence in any event could exceed $97. Manifestly, defendant's counterclaim cannot count to increase the amount in controversy beyond that claimed by plaintiff on the evidence, because there is no judgment against plaintiff except for costs. If there was a recovery for any sum on the counterclaim it would have to be added to the total of plaintiff's claim in order to arrive at the true amount in controversy; but that condition does not exist, so the rule cannot be applied.

It is argued that plaintiff's third cause of action should be considered, which would be true if any evidence were received or offered tending to sustain it. But as there was no attempt to prove that plaintiff was delayed in the construction of the greenhouse by defendant's conduct, the court below necessarily treated that branch of the case as abandoned, and it must be so treated here. The learned counsel for appellant argues that he sought to prove damages under the third cause of action and was prevented from doing so by the rulings of the trial court. We fail to find where such attempt was made, except by the offer of evidence that greenhouse stock was ordered and that defendant knew the use that was to be made of the premises; but, as before indicated, in the absence of proof that the enterprise was delayed by defendant's failure to complete his work by the time agreed upon, the fact, if it be a fact, that he knew the plaintiff desired to locate a greenhouse on the lot, or the fact that greenhouse stock was ordered by the plaintiff, does not prove, or tend to prove, damages recoverable of the defendant.

The point most relied upon, we apprehend from a careful

reading of the record, to sustain the third cause of action, is that the court sustained an objection to a question propounded to plaintiff's husband after he had testified to matters relating to the first cause of action, as follows: "Do you think of any other way in which you have been damaged by reason of their not fulfilling the contract?" The objection to the question was properly sustained in any view of it, but if it were answered, and favorably to the plaintiff, that would not prove anything material in the case, for it was not damages to plaintiff's husband that were claimed by plaintiff, or that were recoverable of the defendant. We are unable to see how the question could possibly have had any bearing on the subject of the controversy between the parties to the action.

So, looking at the case in the most favorable view that can be taken of it for appellant, and giving her the benefit of all offers of evidence that were made, the only sum involved, so far as she is concerned, is $97; hence the judgment was not appealable without the certificate of the trial judge as required by law.

*By the Court.*— The appeal is dismissed.