TROY CARRIAGE COMPANY, Appellant, vs. BONELL and another, Respondents.

*February 23 — March 14, 1899.*

*Appeal: Amount involved.*

Where the only controverted question is whether a contract for the sale of three carriages was separable, and the plaintiff therefore entitled to recover $85, the contract price of one of them, without delivery of the others, this court obtains no jurisdiction by an appeal unless accompanied by a certificate of the trial judge as provided in sec. 3047, Stats. 1898.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Appeal dismissed.*

Action to recover a balance of $199.50 alleged to be due plaintiff from defendants on a sale to the latter of two carriages. The answer admitted a purchase from plaintiff and acceptance by the defendants of one carriage, and that there was due thereon $57. It was alleged that another carriage, ordered by defendants of plaintiff, was taken by the former and stored subject to plaintiff's order, the same not being according to contract; that plaintiff, while the situation indicated existed, contracted to sell the alleged defective carriage to defendants for $85, together with two others, one for $75 and one for $65; that plaintiff failed to perform such contract by refusing to deliver the two carriages; that defendants were damaged thereby in the sum

of $50; and that on account of such breach defendants re-
fused to carry out the contract on their part as to the $85
carriage, but continued to keep the same in store for plaint-
iff, to their damage in the sum of $12. Defendants counter-
claimed for $62 on the facts stated.

On the trial it was conceded that $63 was due plaintiff
for principal and interest on old account. The court de-
cided as a matter of law that plaintiff was not entitled to
recover for the $85 carriage and was liable for damages for
breach of contract. It was left to the jury to assess such
damages and strike a balance between the same and the $63
conceded to be due plaintiff on old account, and to render
a verdict accordingly. The result was a verdict for defend-
ants for $21. No contention is made in this court that the
damages were improperly awarded to defendants or that the
amount assessed was too large. The sole question is, Was
the ruling of the trial court correct as to the contract for
the three carriages being entire, so as to preclude plaintiff
from recovering for the $85 carriage by reason of the failure
to deliver the other two carriages? Judgment was rendered
on the verdict in defendants' favor, and plaintiff appealed.

*Frederick A. Teall,* for the appellant.

For the respondents there was a brief by *Wickham & Farr,*
and oral argument by *James Wickham.*

MARSHALL, J. The action was on contract. The amount
involved, exclusive of costs, as the cause is presented in this
court, is $85. Appellant claims that the court erred in hold-
ing that the contract to sell and deliver to defendants three
carriages was entire. Whether that be right or not rules
the question of whether plaintiff is entitled to recover for
the one carriage which was delivered to defendants. There
is no other controversy on this appeal.

An appeal involving less than $100 exclusive of costs, in
such an action as this, is not allowed by statute, except on a

certificate submitting to this court, on a statement of facts, difficult questions of law for its decision. Stats. 1898, sec. 3047. If an appeal be taken in a case requiring the certificate mentioned in order to make it appealable, and such certificate be absent, this court does not obtain jurisdiction to entertain such appeal. *Henk v. Baumann*, 100 Wis. 28. This appeal comes within that rule and must therefore be dismissed.

*By the Court.*— The appeal is dismissed.