Blonde vs. The Menominee Bay Shore Lumber Co.

---

BLONDE, Respondent, vs. THE MENOMINEE BAY SHORE LUMBER COMPANY, imp., Appellant.

*April 26 — May 16, 1899.*

*Appeal: Jurisdiction: Amount involved.*

Where the amount admitted by the answer, deducted from the amount of damages claimed, leaves a sum less than $100, in the absence of a certificate of the trial judge as required by sec. 3047, Stats. 1898, the appellate court is without jurisdiction, and the appeal will be dismissed.

APPEAL from a judgment of the circuit court for Marinette county: S. D. HASTINGS, JR., Circuit Judge. *Appeal dismissed.*

The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *Eastman & Martineau*, and for the respondent on that of *Quinlan & Daily.*

CASSODAY, C. J.    This is an action commenced in justice's court to foreclose a log lien upon logs cut from lands of the defendant Anderson, and upon which the plaintiff performed labor for Anderson, by whom he was employed, between November 16, 1897, and March 1, 1898, and for which there was a balance due him from Anderson of $125.90, for which he claims judgment.

The appellant answered, to the effect that it was the owner of all the logs which had been seized by the sheriff upon such claim of the plaintiff; that the work so performed by the plaintiff for Anderson was largely upon other logs which Anderson had previously sold to one Spies; that the plaintiff had only performed work, labor, and services upon the logs so seized by the sheriff to the amount of $60.29, which amount was thereupon paid into court as a tender for the work actually performed by the plaintiff upon the logs so seized by the sheriff and owned by the appellant.   Upon the trial in the circuit court it was found, in effect, that the plaintiff was entitled to a lien for the full amount of his claim upon the logs so owned by the appellant, notwithstanding the larger portion of his work, labor, and services was performed on the logs so sold to Spies, and accordingly judgment was entered in favor of the plaintiff and against the logs so owned by the appellant for $152.37 damages and $48.03 costs.   From that part of the judgment adjudging that the whole amount claimed by the plaintiff was a lien upon the logs owned by the appellant, the defendant the *Menominee Bay Shore Lumber Company* brings this appeal.

It will be observed that the amount in controversy, exclusive of costs, is less than $100, and there is no certificate

of the trial judge, as required by the statute. Stats. 1898, sec. 3047. This being so, this court is without jurisdiction. *Burkhardt v. Elgee*, 93 Wis. 29; *Henk v. Baumann*, 100 Wis. 28; *Widman v. Gay*, 101 Wis. 325.

*By the Court.*— The appeal is dismissed.