BLONDE, Respondent, vs. THE MENOMINEE BAY SHORE LUM-
BER COMPANY, imp., Appellant.

*April 6 — April 27, 1900.*

(1, 2) *Appeal: Vested rights: Change in remedy.* (3) *Logs and timber:
Liens.*

1. Upon the dismissal of an appeal for lack of the certificate required
   by sec. 3047, Stats. 1898, in case of a judgment involving less than
   $100, the rights of the parties did not become vested or finally de-
   termined so as to preclude another appeal.
2. It was competent for the legislature to dispense with the require-
   ment of such a certificate, even as to judgments entered prior to
   the change.
3. The owner of land had contracted to sell and deliver the hemlock
   logs cut therefrom to one person and the other logs to another.
   Plaintiff worked for said owner promiscuously, as might be con-
   venient, upon both classes of logs before their delivery. *Held,* that
   his lien for the whole of such labor might be enforced against any-
   part of the logs.

APPEAL from a judgment of the circuit court for Marinette
county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of
*Eastman & Martineau,* and for the respondent on that of
*Quinlan & Daily.*

CASSODAY, C. J.   This action was commenced in a justice's
court March 15, 1898, against the defendant Anderson, to
recover $125.90 remaining due and unpaid to the plaintiff
from Anderson for work, labor, and services performed by the
plaintiff for Anderson between November 16, 1896, and Feb-
ruary 27, 1897, upon 222,000 feet of hemlock logs, 115,000
feet of basswood, birch, and elm logs, 45,000 feet of cedar
logs, and 10,000 feet of black-ash logs.   The logs were all
cut and taken from Anderson's land, and put in and deliv-
ered by him.   Anderson had previously contracted to sell
and deliver the hemlock logs to one Spies, and all the other
logs to the *Menominee Bay Shore Lumber Company.*   In this

action the sheriff attached only 75,000 feet of the logs so delivered by Anderson to the *Bay Shore Lumber Company*, the same being on the bank of the river; the logs so delivered to Spies being out on the ice. After judgment before the justice, the *Bay Shore Lumber Company* intervened, and tendered and paid into court $60.29, as covering so much of the plaintiff's claim as was for his work, labor, and services on the logs so delivered to it by Anderson, with $27.96 for costs and disbursements incurred in that suit to that date, and appealed to the circuit court from that part of such judgment which declared that the plaintiff's claim was a lien on the logs so delivered to it in excess of the amount so tendered.

At the close of the trial in the circuit court it was held by that court that the facts were, in effect, as stated, and that the allegations of the plaintiff's complaint were all true, and that the plaintiff was entitled to judgment for the full amount of his claim against Anderson, and that the same was a lien upon the logs so attached, and judgment was ordered to be entered accordingly. From the judgment so entered May 4, 1898, for $152.37 damages and $48.03 costs, the *Bay Shore Lumber Company* appealed to this court December 8, 1898. That appeal was dismissed because the amount involved was less than $100, and there was no certificate as then required by the statute (sec. 3047, Stats. 1898). *Blonde v. Menominee B. S. L. Co.* 103 Wis. 284. Upon the *remittitur* .being filed in the trial court, the *Bay Shore Lumber Company* again, and on July 13, 1899, appealed from such judgment to this court.

The reason for taking the second appeal from the same judgment without such certificate is that, just prior to the dismissal of the first appeal by this court, the section of the statute cited was amended by dropping out of that section all that prohibited appeals "when the amount involved, exclusive of costs, is less than $100," without such certificate.

Ch. 63, Laws of 1899. The plaintiff insists that his rights became vested and finally determined upon the dismissal of the first appeal. But the *Bay Shore Lumber Company* at no time lost its right to appeal,— much less, a writ of error. Sec. 21, art. I, Const.; *Bumbalek v. Peehl*, 95 Wis. 127; *Baier v. Schermerhorn*, 96 Wis. 372. The only difficulty with its first appeal was a mere failure to comply with such statute then in force, but since repealed, requiring such certificate. But the plaintiff had no vested right in having the mode of taking the appeal remain as it was when the judgment was entered. It is well settled that "the legislature may alter or vary existing remedies as they please, provided that in so doing their nature and extent is not so changed as materially to impair the rights and interests of the parties." *Von Baumbach v. Bade*, 9 Wis. 560; *Second Ward S. Bank v. Schranck*, 97 Wis. 265, 271. We must hold that it was competent for the legislature to dispense with such certificate in taking an appeal, even from such prior judgment.

It is contended that because the plaintiff at first worked for about two weeks skidding the hemlock logs, before he commenced drawing any, and because Anderson had contracted to deliver those logs to Spies, and by a separate contract had agreed to deliver the other logs to the *Bay Shore Lumber Company*, the plaintiff can have no lien upon such other logs for the work he did upon the hemlock logs,— in other words, that the plaintiff could only enforce a lien against the logs so delivered by Anderson to the *Bay Shore Lumber Company* for such work as he did upon those logs, and that he could only enforce a lien, if any, for such work as he did upon the logs so delivered by Anderson to Spies, against those logs. In support of such contention, counsel rely on two cases in this court: *Losie v. Underwood L. Co.* 79 Wis. 631, and *Minton v. Underwood L. Co.* 79 Wis. 646. In the first of these cases it clearly appears that the plaintiff had spent a certain number of days, for which he had charged

Montgomery vs. The American Central Ins. Co. and others.

the defendant, in driving logs belonging to a different party down to the point where the defendant's logs were; and it was held error to refuse an instruction that the plaintiff could not enforce a lien against the defendant's logs for such work so performed upon the logs of the other party. The other case is quite similar in its facts. The case at bar is clearly distinguishable. Here the logs were all cut by Anderson from his own land, and delivered by him, on the bank of the river or on the ice, either to Spies or the *Bay Shore Lumber Company*. The plaintiff worked, promiscuously, on one class of logs or the other, as might be convenient; but he worked continuously, and all his work upon the logs was performed for Anderson, and while the logs were in the possession of Anderson, and before they were so delivered by him to the respective parties named. The facts bring the case squarely within the rule declared in *De Morris v. Wilbur L. Co.* 98 Wis. 465, to the effect that "a person holding a lienable claim, under the laws of this state, for work done on logs, timber, or lumber, may enforce collection of the entire claim out of any part of the property subject to such lien."

*By the Court.*— The judgment of the circuit court is affirmed.